ALBERT A. ALBRECHT CO. *v.* WHITEHEAD & KALES IRON WORKS.

1. MASTER AND SERVANT—NEGLIGENCE OF THIRD PARTY—PERSONAL INJURIES—REMEDY.

An employee, injured through the negligence of a third party, may pursue his common law remedy against said third party or demand compensation from his employer under the provisions of the workmen's compensation law. Section 15, part 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5468).

2. SAME—ELECTION OF REMEDIES — WAIVER — EXTINGUISHMENT— ASSIGNMENTS.

The election of the injured employee to take under the workmen's compensation law rather than pursue his remedy against said third party, amounted to a waiver extinguishing his common law remedy, and an assignment of it to the employer would not furnish the basis for a suit to recover compensation paid by him to the employee under said act.

3. SAME—WORKMEN'S COMPENSATION LAW—LIABILITY OF THIRD PARTY—CONSTRUCTION—INTENT.

In an action by an employer to enforce the liability of a third party for compensation paid by the employer to an injured employee under the provisions of the workmen's compensation law, section 15, part 3, of said act creating said liability construed, and *held*, to be the intent that the employer may enforce the liability of such other person to the extent that he has paid compensation to the injured party, and no farther.

Error to Wayne; Collingwood, J., presiding. Submitted October 22, 1917. (Docket No. 70.) Decided March 27, 1918.

Case by Albert A. Albrecht & Company against the Whitehead & Kales Iron Works to recover damages paid under the workmen's compensation act to an employee injured by reason of defendant's negligence. Judgment for plaintiff. Defendant brings error. Affirmed, conditionally.

*Goodenough & Long* (*Albert M. Kales*, of counsel), for appellant.

*Keena, Lightner, Oxtoby & Hanley*, for appellee.

BIRD, J. Both parties to this suit are building contractors and both assisted in the construction of the Morgan & Wright building in Detroit in the year 1913. Plaintiff had the contract to construct the masonry, and defendant had the contract to erect the structural steel. During the progress of the work one John Debinski, a servant of plaintiff, was injured by what is claimed to have been negligent acts of defendant's servants. Debinski demanded compensation of plaintiff, who was subject to the provisions of the workmen's compensation act, and was paid a total of $1,-408.33 up to the commencement of this suit. This sum was increased to $2,215 at the time of trial. Plaintiff was permitted by the trial court to recover the sum which Debinski would have been permitted to recover had he elected to pursue his common law remedy. The jury returned a verdict for plaintiff of $10,000. Defendant contends that a recovery on this basis was wrong; that the recovery should have been limited to the sum paid to Debinski in discharge of plaintiff's obligations imposed by the compensation act. In other words, that the question is one of indemnity only.

1. A solution of this question depends upon the construction to be given to section 15, part 3, of the compensation law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5468):

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

After Debinski was injured he had his choice of two remedies. He could pursue his common law remedy against the company, whose negligent acts caused his injuries, or he could demand compensation from his employer through the industrial accident board. He chose the latter and received an award of $10 per week for 400 weeks. This election by him under the terms of the act would amount to a waiver upon his part of his common law remedy (section 15, *supra*). The common law action having been extinguished by Debinski's election, an assignment of it could not furnish a basis for this suit, and we do not understand it is now so claimed, although one count of the declaration counted upon an assignment of the cause of action. We, therefore, conclude that the basis for this suit must be found in the act itself, if at all. The latter part of the section provides that:

"If compensation be paid under this act the employer may enforce for his benefit, or for that of the insurance company for carrying such risk, or the commissioner of insurance, as the case may be, *the liability of such other person.*"

This clearly authorizes the present suit by the employer. It, in express terms, gives him the right to recover, but how much may he recover? Plaintiff answers: The sum that Debinski could have recovered had he elected to bring the action himself. Defendant answers: The sum plaintiff has been obliged to pay by reason of the action of the compensation board. The question, therefore, must finally turn on the construction of the last six words of the section heretofore quoted. Considering the language used we think it indicates that the legislature intended to provide for indemnity only. It says to the employer in substance: "If you have paid compensation you may recover from the party in fault." The inference is very persuasive that it was intended that the employer's recovery should be measured by the amount of compensation paid, and it is still more persuasive when we consider that the cardinal purpose of the act was compensation and not speculation. To hold that the employer might recover the same amount the injured party might have recovered would permit the employer to speculate on the misfortunes of his employees. But counsel reply to this that a trust should be impressed on the excess recovered in favor of the injured party. If this were so, would not the injured party then have two remedies when the statute says he shall have but one? If the injured party is willing to waive the excess by accepting the more certain award of the compensation board, why should the act permit a disinterested person to recover it? We are persuaded that the language should be construed to mean that the employer may enforce the liability of such other person to the extent that he has paid compensation to the injured party, and no farther. This construction is not only consistent with the letter of the law but is in accord with the spirit of it.

This view is strengthened by the holding in *Grand*

*Rapids Lumber Co.* v. *Blair,* 190 Mich. 518. This question was not therein directly involved but this section of the law was being considered. It was there said:

"This case involves a relation of indemnitee and indemnitor in which a liability over is placed upon the original tort-feasor whose negligence caused the injury, a relation which may be created by contract or legislation for protection of the party, who, though not actively guilty of the tort, may, by law, be liable therefor to the injured party."

2. If the question be one of indemnity the further question is raised, when may the amount allowed by the compensation board be recovered by the employer? We think a cause of action would accrue to the employer whenever he has made a payment in pursuance of the order of the commission (22 Cyc. p. 98), and this would be true whether the payment was a weekly payment or of the entire award. Any other rule would likely result in more or less confusion by reason of the right of the commission to revoke its orders, to reduce the number and amount of payments and to discontinue them altogether. In accordance with request of counsel, the case may be remanded to the trial court where the amount paid by plaintiff will be ascertained, and when ascertained a judgment for that amount will be affirmed. The subsequent payments may be sued for and recovered as they become due and payable under the orders of the industrial accident board. In default of the amount being ascertained and entry of judgment thereon within thirty days from the date of filing this opinion, the judgment of the trial court will be reversed and a new trial ordered, with costs to the defendant in either event.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.