KAARTO *v.* CALUMET & HECLA, INC.

1. WORKMEN'S COMPENSATION — EARNING CAPACITY — COMPENSABLE INJURY.

An injury is not compensable under the Michigan workmen's compensation act unless it impairs the employee's earning capacity in the employment in which he was working at the time of injury (CL 1948, § 412.11).

2. SAME—MINERS—SKILLED EMPLOYMENT—COMMON LABOR.

Miner who was burned by mine explosion that did not impair his earning capacity as a skilled employee but did limit him in the performance of common labor, presently the only employment available in his community, *held*, not entitled to work-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 284, 285.
[3] 58 Am Jur, Workmen's Compensation § 543.

men's compensation, since his earning capacity in the employment at which he was working at the time of injury has not been impaired (CL 1948, § 412.11).

3. SAME—COSTS.
No costs are allowed in proceeding to recover workmen's compensation by miner whose injury impaired his earning capacity at common labor but not in the skilled employment at which he was working at the time of injury (CL 1948, § 412.1).

Appeal from Workmen's Compensation Appeal Board. Submitted February 5, 1962. (Docket No. 92, Calendar No. 49,293.) Decided July 2, 1962. Rehearing denied September 7, 1962.

Emil Kaarto filed his claim against Calumet & Hecla, Inc., for compensation because of injuries resulting from explosion. Award to plaintiff. Defendant appeals. Reversed.

*Leo Elmer Maki,* for plaintiff.

*McLean & Olds (Charles B. Olds,* of counsel), for defendant.

SOURIS, J. Plaintiff was burned on the hands and face as a result of an explosion in defendant's mine, where he was engaged in what both parties describe as skilled employment. Workmen's compensation benefits were paid to him voluntarily by defendant for a period of about 7 months while he recuperated from his injuries. Upon recovery, plaintiff returned to the mine and resumed his former duties, performing them satisfactorily and without significant discomfort. At the end of 14 months, defendant's mine was shut down for economic reasons and all its employees, including plaintiff, were laid off.

Apparently regular mining employment is no longer available in the locality of plaintiff's residence, although he has worked on a few occasions at an adventure-type mine. Plaintiff concedes that

his injuries do not impair his ability to perform his former mine employment and he says that he would return to such employment were it available to him. The only work available to plaintiff now is common labor, but plaintiff claims that his injuries limit him in performing such labor and, on that account, seeks workmen's compensation benefits.

It appears from the record that a residual effect of the burns on plaintiff's hands and face is that they are susceptible to extremes of temperature. Because of pain resulting from exposure to such extreme hot or cold temperatures, plaintiff cannot work where he would be subjected to such conditions. The mining work plaintiff did was in fairly uniform median temperatures and he had no difficulty performing his duties in the mine during the 14 months he worked following his injury and prior to his layoff.. However, after only 1 day as a member of a county road commission crew performing common labor in the sunshine, plaintiff's hands and face became swollen and painful. Similar discomfort occurred when he tried cutting wood in the winter.

The appeal board awarded plaintiff benefits on the theory that he has suffered "serious disability in the field of common labor as the result of his injury." On leave granted, defendant appeals, claiming that under our workmen's compensation law plaintiff may not claim benefits because his injuries do not disable him from earning wages at the employment in which he was working at the time of the injuries. Without conceding that the evidence supports the appeal board's finding that plaintiff is disabled from performing common labor, defendant claims that even if true such disability is not compensable under our law because the test of compensability for an injured skilled worker is limited to a determination of his capacity to earn wages in his skilled employment.

Unlike other States, and perhaps unique to Michigan,* an injury is not compensable under our statute unless it impairs the employee's "earning capacity in the employment in which he was working at the time of the injury." CL 1948, § 412.11 (Stat Ann 1960 Rev § 17.161). See *Levanen* v. *Seneca Copper Corp.*, 227 Mich 592.

The statutory language quoted has led to absurd results. For instance, in *Hirschkorn* v. *Fiege Desk Co.*, 184 Mich 239, plaintiff's vision was substantially impaired as a result of an industrial injury, but he was thereafter able to perform his old duties satisfactorily and at the same wages. As is the claim in the case at bar, the injury undoubtedly impaired the injured worker's earning capacity in some employment, but it did not impair his earning capacity in the employment in which he was engaged at the time of injury and, therefore, an award of compensation had to be reversed.

In *Geis* v. *Packard Motor Car Co.*, 214 Mich 646, on the other hand, plaintiff's injury there prevented him from performing the skilled employment in which he was engaged at the time of injury, but he was able to work, and did work, at somewhat related employment at higher wages. The statutory language quoted above compelled a finding of compensable disability and, since the case arose prior to the act's amendment by PA 1927, No 376, which provided for offsetting wage-earning capacity "in the same or another employment" from benefits awarded, the award of compensation was affirmed.

In the case at bar, the evidence is sufficient to support the appeal board's finding that this skilled worker's injuries impaired his wage-earning capacity *as a common laborer*. It is also clear from the record that there is no longer available regular em-

---

* See 2 Larson's Workmen's Compensation Law, § 57.22.

ployment requiring plaintiff's skills and plaintiff is thereby limited to employment as a common laborer, in which labor his wage-earning capacity has been impaired by industrial injury. Had plaintiff been engaged in common labor at the time of injury, he would be entitled to compensation benefits because his injuries prevent him from doing some common labor. *Miller* v. *S. Fair & Sons,* 206 Mich 360; *Smith* v. *I. Stephenson Co.,* 212 Mich 154; and *Wieland* v. *Dow Chemical Co.,* 334 Mich 427. However, because he would be able to perform his skilled mining work but for the economic conditions which closed the mine, he is barred by the statute from receiving compensation for his impaired earning capacity as a common laborer.

Were there a way properly to affirm what the appeal board sought here to accomplish, we would affirm. The statutory language, however, bars the way to substantial justice for this plaintiff. We repeat what this Court said 47 years ago, in January of 1915, in *Hirschkorn* v. *Fiege Desk Co., supra,* at p 242:

"The award made by the board was a very equitable one, and is one which we would prefer to sustain, if we could do so without attempting to amend the law by judicial construction. It appears to be, however, an exigency which the law has not provided for. We think the relief in such cases lies with the legislature, rather than with the courts."

Reversed. No costs.

Kelly, Black, Kavanagh, Otis M. Smith, and Adams, JJ., concurred with Souris, J.

Carr, C. J., and Dethmers, J., concurred in result.