HOME INSURANCE COMPANY v SCHOENBACH

WORKMEN'S COMPENSATION—COMPENSATION CARRIER—EMPLOYEE SUIT
—SUBROGATION—THIRD-PARTY TORTFEASOR—INTERVENTION—
NOTICE—STATUTES.

An independent cause of action by a workmen's compensation
carrier as subrogee against a third-party tortfeasor seeking
reimbursement of benefits paid to an employee subrogor is not
barred where the employee had sued and recovered, by way of
settlement, damages against the third-party tortfeasor and
where the third-party tortfeasor had failed to give notice to the
workmen's compensation carrier of the suit, the pending settle-
ment, or of the final result, and thereby prevented the carrier
from complying with the rule of timely intervention to protect
its rights (MCLA 418.827[1]).

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 October 10, 1973, at Detroit.
(Docket No. 16058.) Decided January 16, 1974.
Leave to appeal denied, 391 Mich 832.

Complaint by Home Insurance Company against
Walter F. Schoenbach and Emily J. Schoenbach
for reimbursement of workmen's compensation
benefits paid. Partial accelerated judgment for
defendants. Plaintiff appeals. Reversed and re-
manded for further proceedings.

*Lacey & Jones* (by *Hayim I. Gross*), for plaintiff.

*Hartman, Beier, Howlett, McConnell & Googa-
sian* (by *Eric J. McCann*), for defendants.

Before: LESINSKI, C. J., and R. B. BURNS and
QUINN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 60, 380.

LESINSKI, C. J. Plaintiff Home Insurance Company appeals a judgment of the circuit court dismissing plaintiff's claim for reimbursement of workmen's compensation benefits paid as a result of a tort committed by the defendants. We reverse the judgment of the circuit court and remand for further proceedings.

On September 11, 1968, Diana Harrington and Essie McClendon, employees of Saks Fifth Avenue, Inc. (hereinafter referred to as the employees), were injured in an automobile accident with Walter and Emily Schoenbach, the defendant tortfeasors in the instant case. Plaintiff was the workmen's compensation carrier for Saks Fifth Avenue during this period and, pursuant to its obligations, paid benefits to both the employees. These payments gave rise to plaintiff's subrogation rights against the defendants.

On October 1, 1969, the employees sued defendants for injuries sustained in the automobile accident. Plaintiff later informed the defendants' insurance company of the payment of benefits to the employees. This notice, given on March 9, 1970, also contained a request for reimbursement. After almost a year, the employees reached a settlement with the defendants on March 5, 1971. Again plaintiff was given no notice, either of the pending settlement or of the final result.

Plaintiff, as subrogee of the employees, sued the defendant tortfeasors on September 9, 1971. This suit sought reimbursement of the workmen's compensation benefits paid by plaintiff to the employees. The defendants answered denying tort liability and made a motion for partial accelerated judgment founded upon the prior settlement of March 5, 1971, with the employees, plaintiff's subrogors. This motion was granted on December 15, 1972, and plaintiff's claim was dismissed.

A single question is now presented on appeal. Does suit and settlement by the employee subrogor, without notification by the defendant tortfeasors to the subrogee workmen's compensation carrier, bar an independent cause of action by the carrier against the defendant tortfeasors?

The statutory right of the workmen's compensation carrier to maintain an independent action is established by MCLA 418.827(1); MSA 17.237(827)(1):

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person."

If an employee sues first, whether within the one-year period mentioned in the statute or after it, the carrier can proceed only by joining in that action. *Harrison v Ford Motor Co,* 370 Mich 683; 122 NW2d 680 (1963). Such an employee suit is subject, however, to the provisions of the statute that protect the rights of the other interested parties.

The statute requires that:

"Not less than 30 days before the commencement of action *by any party* under this section, *the parties shall notify,* by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the carrier." (Emphasis added.)     MCLA     418.827(1);     MSA 17.237(827)(1).

In the instant case, the defendants failed to give the required notice. This omission by the defendants prevented the plaintiff carrier from complying with the *Harrison* rule of timely intervention and thus protecting its rights.

The plaintiff has done everything within its power to faithfully comply with the statute. Timely notice of its claim was presented to the other parties and the suit was commenced within the applicable limits specified by the statute. The defendants' act of noncompliance with the statute should not, therefore, now be allowed to maneuver the plaintiff into a position where the same statute would bar the plaintiff's assertion of its rights against the defendants.

The judgment of the circuit court dismissing the plaintiff's claim is therefore reversed and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

All concurred.