PELKEY v ELSEA REALTY & INVESTMENT COMPANY

Docket No. 55132. Argued October 9, 1974 (Calendar No. 3).—Decided August 19, 1975.

Theresa A. Pelkey incurred a compensable injury in an automobile accident while in the course of her employment with Elsea Realty & Investment Company, resulting in a payment by defendant workmen's compensation insurer, General Accident Group. Plaintiff, her husband, and defendant insurer jointly settled their claim against an alleged third-party tortfeasor. Later plaintiff petitioned for compensation for psychiatric treatment required as a result of the injuries sustained in the accident. The Workmen's Compensation Appeal Board held that the psychiatric treatment related to her earlier injury and was compensable, but also held that 2/3 of the amount recovered in the settlement as pain and suffering was a credit in favor of defendant carrier under the section of the Workmen's Compensation Act which sets forth the statutory scheme for recovery from third-party tortfeasors (MCLA 418.827; MSA 17.237[827]). The Court of Appeals, R. B. Burns, P. J., and Holbrook and T. M. Burns, JJ., denied leave to appeal (Docket No. 16984). Plaintiff appeals. *Held:*

1. Damages recovered by an employee from a third-party tortfeasor for "personal injuries or death only" which could be reached by an insurer were meant by the Legislature to include damages resulting from pain and suffering.

2. The Legislature did not act arbitrarily when it permitted insurers to reach an employee's recovery for pain and suffering.

3. The statutory provision for reimbursement to a workmen's compensation insurer is not an arbitrary denial of a property right.

4. Employees who suffer injuries compensable under the Workmen's Compensation Act have rights under law different than the rights of those who suffer injuries not so compensable

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages §§ 85–130.

[2, 3, 5–12] 58 Am Jur, Workmen's Compensation § 358 *et seq.*

[4] 58 Am Jur, Workmen's Compensation §§ 15, 21.

but such different treatment does not amount to a constitutional denial of equal protection of laws because it has a rational basis.

5. The fact that the insurer released the third party does not mean that the insurer waived any right it might acquire against the employee.

Williams, J., dissented on the ground that the wording of the statute, logic, and policy all call for the result that reimbursement of the employer or insurance carrier was not intended by the Legislature to come from damages attributable to pain and suffering. The right to recover is for any amount which the employer could recover in an action in tort, while reimbursement is from damages for "personal injuries * * * only" indicating an intent to exclude reimbursement from amounts for pain and suffering. The rationale of workmen's compensation is to compensate for loss of wages, not for pain and suffering. As a matter of policy it is not appropriate to permit employers and carriers to reimburse themselves from a recovery for something for which they have no responsibility to pay.

Workmen's Compensation Appeal Board affirmed.

OPINION OF THE COURT

1. DAMAGES—ELEMENTS—PERSONAL INJURY.

Damages for lost income, medical expenses, disfigurement, and pain and suffering have traditionally been thought of as damages resulting from personal injury.

2. WORKMEN'S COMPENSATION—DAMAGES—THIRD-PARTY TORTFEASORS —PAIN—SUFFERING—STATUTES.

Damages recovered by an employee from a third-party tortfeasor for "personal injuries or death only" which can be reached by a workmen's compensation insurer were meant by the Legislature to include damages resulting from pain and suffering (MCLA 418.827).

3. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASORS—INSURERS —REIMBURSEMENT—PAIN—SUFFERING—STATUTES.

The Legislature did not act arbitrarily when it permitted workmen's compensation insurers to reach an employee's recovery against a third-party tortfeasor for pain and suffering; the right to reimbursement is justified by the abrogation of the requirement that the employee elect between his remedies in workmen's compensation and common-law action for tort (MCLA 418.827).

4. WORKMEN'S COMPENSATION—CONSTITUTIONAL LAW—EQUAL PROTECTION.

Employees who suffer injuries compensable under the Workmen's Compensation Act have rights under the law different from the rights of those who suffer injuries not so compensable, but such different treatment does not amount to a constitutional denial of equal protection of the laws because the difference in treatment is founded on a rational basis: the provision of no-fault wage benefits and medical care to employees with work-connected injuries (MCLA 418.827).

5. WORKMEN'S COMPENSATION—RELEASE—INSURER—THIRD-PARTY TORTFEASOR—WAIVER.

The fact that a workmen's compensation insurer settled with and released a third-party tortfeasor in an action for injury to an employee does not mean that the insurer waived any rights of reimbursement it might acquire against the employee where no language in the agreement indicates waiver and there is no equitable basis for waiver because the employee did not give up any rights against the insurer (MCLA 418.827).

DISSENTING OPINION

WILLIAMS, J.

6. WORKMEN'S COMPENSATION—REIMBURSEMENT OF EMPLOYER—DAMAGES—THIRD-PARTY TORTFEASOR.

*The Workmen's Compensation Act does not give the employer or compensation carrier the right to be reimbursed from damages attributable to pain and suffering obtained by the injured workman from a third-party tortfeasor.*

7. WORKMEN'S COMPENSATION—THIRD-PARTY RECOVERY—REIMBURSEMENT OF EMPLOYER—PAIN AND SUFFERING.

*A comparison of the entitlement to recovery in an action in tort against a third-party tortfeasor in the Workmen's Compensation Act with the more restrictive provision for employer or carrier reimbursement from recovery resulting from "personal injuries or death only" indicates a legislative intention to exclude reimbursement from such things as "pain and suffering", loss of consortium, property damages, etc. (MCL 418.827[5]).*

8. WORKMEN'S COMPENSATION—THIRD-PARTY RECOVERY—REIMBURSEMENT OF EMPLOYER—PAIN AND SUFFERING.

*It is reasonable to believe that the provision in the Workmen's Compensation Act for reimbursement of the employer or car-*

rier out of a recovery against a third-party tortfeasor for
"damages resulting from personal injuries * * * only" contem-
plated the kind of situation dealt with in the Workmen's
Compensation Act, in which the employee is compensated for
wage loss but not for pain and suffering; this indicates that the
Legislature intended to exclude as a source of reimbursement
damages recovered from a third-party tortfeasor for pain and
suffering (MCL 418.827[5]).

9. WORKMEN'S COMPENSATION—THIRD-PARTY RECOVERY—REIMBURSE-
MENT OF EMPLOYER—PAIN AND SUFFERING—POLICY.

It does not seem appropriate, as a matter of policy, to permit
employers and carriers to reimburse themselves for workmen's
compensation liabilities from the employee's recovery against a
third-party tortfeasor for pain and suffering when they them-
selves have no responsibility under the Workmen's Compensa-
tion Act to pay the employee anything for pain and suffering
(MCL 418.827[5]).

10. WORKMEN'S COMPENSATION—THIRD-PARTY RECOVERY—REIMBURSE-
MENT OF EMPLOYER.

An agreement between an employee and a third-party tortfeasor
which specifically excludes the employer's claim is not effective
in barring the employer's right to reimbursement for work-
men's compensation benefits because the right is a form of
statutory subrogation and the statute makes it plain that if the
employee settles his claim for injury or death then any moneys
so recovered must be first applied to reimbursement of the
employer or carrier (MCL 418.827[5]).

11. WORKMEN'S COMPENSATION—THIRD-PARTY RECOVERY—SETTLE-
MENT—REIMBURSEMENT OF EMPLOYER—LIEN.

If an employer or workmen's compensation insurer believes a
settlement was made between the employee and a third party
which would in effect defeat its lien, the employer or insurer
can take action against the third party for its reimbursement;
however, once the employer or carrier participates in a settle-
ment the statutory lien in excess of the settlement amount to
which it might otherwise be entitled is waived (MCL 418.827).

12. WORKMEN'S COMPENSATION—THIRD-PARTY SETTLEMENT—REIM-
BURSEMENT OF EMPLOYER.

Henceforth, insofar as the workmen's carrier participates in a
third-party settlement, that portion of a third-party recovery
attributable to non-compensable items may not later be claimed
as reachable by the employer; where the employer does not

*participate in such settlement and it feels it is being defrauded by its terms, it may initiate an action of its own against the third party (MCL 418.827).*

*Leonard C. Jaques, P. C.* (by *J. Douglas Smith),* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeannette A. Paskin),* for defendants.

T. G. KAVANAGH, C. J. In November, 1967, plaintiff-appellant while in the course of her employment with Elsea Realty incurred a compensable injury in an automobile accident resulting in payment of $3,364.60 by defendant workmen's compensation insurer, General Accident Group.

In October of 1968 plaintiff, her husband, and defendant insurer jointly settled their claim against an alleged third-party tortfeasor for $10,-000 apportioned as follows: $3,000 for plaintiff's husband for loss of consortium and services; $3,364.60 to defendant insurer; and $3,635.40 to plaintiff for pain and suffering. There was no agreement between the plaintiff and the insurer as to future payments of compensation.

Subsequent to the settlement plaintiff employee required psychiatric treatment as a result of the injuries sustained in the 1967 accident. In October, 1970, plaintiff petitioned for compensation for that treatment. The referee and Appeal Board held that the psychiatric treatment related to her earlier injury and was compensable, but also held that 2/3 of the amount recovered in the 1968 settlement as pain and suffering was a credit in favor of defendant carrier under MCLA 413.15; MSA 17.189 (now MCLA 418.827; MSA 17.237 [827]), a seven (now eight)- paragraph section of the Workmen's Compensation Act which, *inter*

*alia,* sets forth the statutory scheme for recovery from third-party tortfeasors.

MCLA 418.827; MSA 17.237(827) reads in pertinent part:

"Sec. 827. (1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of action by any party under this section, the parties shall notify, by certified mail at their last known address, the bureau, the injured employee, or in the event of his death, his known dependents or personal representative or his known next of kin, his employer and the carrier. Any party in interest shall have a right to join in the action.

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claim it might have.

"(4) If the injured employee or his dependents or personal representative settle their claim for injury or death or commence proceedings thereon against the third party before the payment of workmen's compensa-

tion, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits."

The Court of Appeals denied leave.

Plaintiff argues that the Court, as a matter of public policy, should not permit an employer or carrier to receive a credit against a pain and suffering recovery when the Workmen's Compensation Act does not require the employer to pay anything for pain and suffering.

Plaintiff employee first contends that permitting a workmen's compensation insurer to receive credit against the payment of future compensation (future credit) for money recovered for pain and suffering against a third-party tortfeasor is unfair and violates her equal protection and due process of law rights under the Michigan and United States Constitutions.

Damages for lost income, medical expenses, disfigurement, and pain and suffering have traditionally been thought of as damages resulting from personal injury. In 22 Am Jur 2d, Damages, § 86 at 124 we read:

"In the case of a personal injury by reason of the

tortious conduct of the defendant, the damages of the person injured fall into two general categories. Because of the injury, plaintiff has lost income which he otherwise would have received (for example, wages, profits, commissions, etc.), and certain damage has been thrust upon him which he otherwise would not have had (for example, medical expenses, pain and suffering, etc.). It is for these elements that the law grants recovery under the heading of damages in personal injury cases." (Footnote omitted.)

From the foregoing we conclude that, when the Legislature stated that damages recovered by an employee from a third-party tortfeasor for "personal injuries or death only" could be reached by an insurer, the Legislature meant to include damages resulting from pain and suffering.

The rule in Michigan[1] is not unusual. Professor Larson in his treatise, Workmen's Compensation Law, states in § 74.35:

"[I]t is quite clear, as the cases now stand, that the prevailing rule in the United States refuses to place an employee's third-party recovery outside the reach of the employer's lien on the ground that some or all of it was accounted for by damages for pain and suffering." (Footnote omitted.)

Plaintiff states that the Legislature acted arbitrarily when it permitted insurers to reach an employee's recovery for pain and suffering and, therefore, she is being denied her right to substan-

---

[1] In *Transamerican Freight Lines, Inc v Quimby*, 381 Mich 149; 160 NW2d 865 (1968), the employee's recovery also recited the fact that the recovery was for disfigurement and pain and suffering, among other things. The Court, speaking through Justice KELLY, stated at 160 that paragraph 4 of MCLA 413.15 (now MCLA 418.827; MSA 17.237[827]) "makes it plain that if the employee settles his claim 'for injury or death' then 'any moneys so recovered' after deduction of expenses of recovery including attorney fees must be first applied to reimbursement of the employer-insurer".

tive due process of laws, US Const, Am XIV, Const 1963, art 1, § 17, and the equal protection of the laws, US Const, Am XIV, Const 1963, art 1, § 2.

We do not find the Legislature acted arbitrarily. Prior to 1952 PA 155 which amended MCLA 413.15; MSA 17.189, an injured employee had to elect to pursue his common-law remedy against the third party or pursue his workmen's compensation remedy. *Albert A Albrecht Co v Whitehead & Kales Iron Works,* 200 Mich 109; 166 NW 855 (1918).

The 1952 amendment permits the employee to seek both workmen's compensation and damages from a third party, but provides that any third-party recovery for damages resulting from personal injuries may be reached by the insurer.

We do not find the provision for reimbursement to be an arbitrary denial of a property right. The right to reimbursement is justified by the abrogation of the election of remedies requirement.

While it is true that employees who suffer injuries compensable under the workmen's compensation law have rights under the law different than the rights of those who suffer injuries not so compensable, we do not find that such different treatment amounts to a constitutional denial of equal protection of laws. The difference in treatment is founded on a rational basis: the provision of no-fault wage benefits and medical care to employees with work-connected injuries. Such differentiation is constitutionally firm.

Plaintiff employee also contends that the insurer by entering into a settlement and release with the third party waived its right to reach the money she received for pain and suffering.

The fact that the insurer released the third party does not mean that the insurer waived any

rights it might acquire against the employee. No language in the agreement indicates waiver, and there is no equitable basis for waiver, because the employee did not give up any rights against the insurer; in fact, she subsequently sought compensation.

While we do not rule out the possibility that an insurer may waive its future credit, we are not persuaded that there was such a waiver in the case before us.

Affirmed. Costs to defendants.

LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

WILLIAMS, J. *(to reverse).* We have been asked to consider whether the Workmen's Compensation Act (WCA) gives the employer or compensation carrier the right to be reimbursed from damages attributable to pain and suffering obtained by the injured workman from a third-party tortfeasor. We hold it does not.

## I —FACTS

Plaintiff Theresa Pelkey suffered 20 weeks of disability as a result of a work-related injury incurred on November 28, 1967, while working for Elsea Realty & Investment Company. She received payments totaling $3,364.60 from defendant workmen's compensation carrier. On October 25, 1968, plaintiff, plaintiff's husband, and defendant carrier jointly settled their claim against an alleged third-party tortfeasor for $10,000, the circuit court approving. Apportionment was $3,635.40 to plaintiff for "pain and suffering only", $3,000 to plaintiff's

husband for loss of consortium and services, and $3,364.60 to defendant carrier, each sum reduced one-third by costs of recovery. There was apparently nothing said about future credit in the agreement.

Subsequent to the settlement, plaintiff petitioned for compensation for psychiatric treatment necessitated by injuries sustained in the 1967 accident. General Accident Group refused to pay for this treatment, and claimed a credit in the amount of the net recovery of plaintiff from the settlement including the amounts for "pain and suffering only".

The administrative law judge held that 2/3 of the amount plaintiff recovered in the 1968 settlement as pain and suffering would be a credit in favor of the defendant carrier. The Workmen's Compensation Appeal Board held that the psychiatric treatment was compensable as related to her injury, and, citing *Ginther v Petrolane Gas Service, Inc,* 1972 WCABO 2527,[1] affirmed the administrative law judge's grant of credit. The Court of Appeals denied leave (June 27, 1973). We granted leave to appeal January 28, 1974. 391 Mich 767 (1974).

---

[1] *Ginther* is directly on point as the following quotation from it indicates. *Ginther,* however, is supported neither by reasoning nor authority, and we believe it reaches an erroneous conclusion. It might also be noted that *Ginther* involved a very unsympathetic set of facts where the settlement agreement allocated $10,500 of a $10,502 total recovery to "pain and suffering". In other words, the employer or carrier could reach only $2 if pain and suffering were excluded. *Ginther* said:

"The statute, however, provides that 'any recovery against the third party for damages resulting from personal injuries or death only * * * ' shall, after deducting the costs of its recovery, first reimburse the employer with the balance being paid to the employee and used as a credit by the employer towards the compensation accruing. We believe that recovery of damage due to pain and suffering resulting from injury fall within the category of being a recovery for 'damages resulting from personal injuries.' "

## II —The Relevant Statute

### A. Section 827

The dispositive issue in this case is whether the third-party tortfeasor's section of the Workmen's Compensation Act of 1969 permits the employer or the insurance carrier to seek reimbursement from the injured workman's recovery for "pain and suffering only".

Resolution of the issue depends upon construction of "[a]ny recovery against the third party for damages resulting *from personal injuries or death only*" (emphasis added) (MCLA 418.827[5]; MSA 17.237[827] [5]). In other words, does the limitation "from personal injuries or death only" include or exclude such items as "pain and suffering", "loss of consortium"[2] or property damages?

The relevant statutory language provides:

"Sec. 827. (1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with the provisions of this section. * * *

"(2) Prior to the entry of judgment, either the employer or carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed

---

[2] *Ginther* did not allow recovery against a separate settlement with the injured worker's wife for loss of consortium.

against the third party for any interest or claim it might have.

"(4) If the injured employee or his dependents or personal representative settle their claim for injury or death or commence proceedings thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"(5) In an action to enforce the liability of a third party, the *plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only,* after deducting expenses of recovery, *shall first reimburse the employer or carrier for any amounts paid or payable under this act* to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." MCLA 418.827; MSA 17.237(827). (Emphasis added.)

Section 827 clearly provides for and encourages settlement of third-party disputes.

Subsection two permits settlement and release by the parties as their interests may appear, with subsection three providing that such settlement may not bar action by the employer or carrier to proceed against the third party. Subsection four provides that such settlement shall not act as an election of remedies, with money recovered therefrom to be first reimbursed to the employer-insurer as per subsection five.

This leaves subsection five as the determinative one in this case. The critical words are as follows:

"[T]he plaintiff may recover any amount which the employee * * * would be entitled to recover in an

*action in tort.* Any recovery against the third party for damages resulting from *personal injuries* or death *only* * * * shall first reimburse the employer or carrier for any amounts paid or payable under this act * * * ." (Emphasis added.)

## *B. Statutory Construction*

The above language from subsection five immediately provokes two questions:

1. Why did the Legislature provide the employer and carrier "may recover any amount which the employee * * * would be entitled to recover in *an action in tort"* and then in the very next sentence limit their reimbursement to "recovery against the third party for damages resulting from *personal injuries* or death *only"?*

2. Do "damages resulting from *personal injuries* * * * only"* include or exclude "pain and suffering"?

Analysis of § 827 in the light of these two questions persuades us that there are three reasons to hold that § 827 does not contemplate employer or carrier reimbursement from the employee's separate and specific recovery from "pain and suffering":

1. Comparison of the third-party entitlement "to recover in an *action in tort"* in the first sentence of § 827(5) with the second sentence's more restrictive provision of employer or carrier reimbursement from "recovery * * * resulting from *personal injuries* or death *only"* indicates a legislative intention to exclude reimbursement from such things as "pain and suffering", loss of consortium, property damage, etc.

2. While the words "damages resulting from *personal injuries* * * * only"* do not necessarily

exclude the inclusion of damages resulting from "pain and suffering" the words themselves plus the context in which they appear strongly indicate the Legislature did intend to exclude damages from "pain and suffering". The first reason is the already mentioned juxtaposition of the "tort action" first sentence and "personal injuries * * * only" second sentence. The second reason is that the whole rationale of workmen's compensation is different from that of tort recovery. Workmen's compensation is to *compensate* the employee for *wage loss* due to disabling injury and if possible rehabilitate him. Tort recovery is *compensation* for *wrong done.* Obviously "pain and suffering" is not compensated for under the Workmen's Compensation Act as it is not an element of the wage loss, but is compensated for in tort recovery as part of the wrong done. It is therefore reasonable to believe that "damages resulting from *personal injuries * * * only"* contemplated the kind of situation dealt with in the Workmen's Compensation Act.

3. As a matter of policy it does not seem appropriate to permit employers and carriers to reimburse themselves for workmen's compensation liabilities from the employee's recovery for "pain and suffering", when they themselves have no responsibility under the Workmen's Compensation Act to pay the employee anything for "pain and suffering". If the employee recovered property damages for loss sustained in an industry-connected injury, would the employer have the right to seek reimbursement for workmen's compensation payments from such property damage recovery if he himself had no liability under the Workmen's Compensation Act to compensate the employee? We believe there is not properly reimbursement in either case.

*1 —Action in Tort/Personal Injuries * * * Only*

The juxtaposition and contrast between the first and second sentences in § 827(5) is marked and meaningful. We repeat the significant words here:

"[T]he plaintiff may recover any amount which the employee * * * would be entitled to recover in an *action in tort.* Any recovery against the third party for damages resulting from *personal injuries* or death *only* * * * shall first reimburse the employer or carrier for any amounts paid or payable under this act * * * ." (Emphasis added.)

The first sentence describes the parameters of recovery in a third-party action. The second sentence describes the parameters of reimbursement. The language, and presumably the content, is very different in each case.

In describing the parameters of recovery in a third-party action, the language of the first sentence is *"any amount* which the *employee * * * * would be *entitled to recover in an action in tort".*

Then in the second sentence is described the parameters from which the employer or carrier may be reimbursed: "[a]ny recovery against the third party for *damages resulting from personal injuries or death only * * * ".*

If the Legislature had intended reimbursement to include the total recovery *"in an action in tort",* it could very easily have referred to the recovery in the previous sentence. For example, it could have said "[a]ny *such* recovery", etc. But it did not, indicating it was referring to something different.

Next, not only did the Legislature not refer to the total tort recovery, it referred to "[a]ny recovery * * * resulting from personal injuries or death *only".* This further differentiates between the par-

ameters of third-party recovery and the area from which the employer or carrier can seek reimbursement.

This analysis clearly indicates that reimbursement is to be sought from something different from total tort recovery, and since it cannot be from something more it must be from something less. This means that the recovery from which reimbursement is made must exclude some or all of such things as "pain and suffering", loss of consortium, etc.

### 2 —Damages for "Personal Injuries * * * Only"

In the instant case then, while the juxtaposition of the two sentences under consideration suggest that "pain and suffering" is not included in the recovery to be reimbursed, we must determine more precisely whether recovery for "personal injuries * * * only" excludes recovery for "pain and suffering". "Pain and suffering" were specifically included in the third-party tort action settlement participated in by the employee and carrier.

To better resolve this ambiguity, we should compare the rationale of workmen's compensation with that of recovery in tort.

When suing a third party in tort, the employee is entitled to recover damages for the wrong done to him, which includes in addition to his loss of wages such things as property damage, loss of consortium and services, disfigurement, and pain and suffering.

Workmen's compensation on the other hand, developing in response to a social policy decision to substitute for tort law principles a no-fault liability based on the employment relationship, seeks to accomplish "what its name implies, that is, to

*compensate". Third Party Actions Under the Ala-
bama Workmen's Compensation Act,* 26 Ala L Rev
701, 703 (1974).[3] Today, the injured worker re-
ceives expenses resulting from the injury, *e.g.*
medical care, MCLA 418.315; MSA 17.237(315);
vocational rehabilitation, MCLA 418.319; MSA
17.237(319); death and burial expenses, MCLA
418.345, 418.321; MSA 17.237(345), 17.237(321), but
primarily a statutorily determined compensation
based on incapacity for work and average weekly
wages before injury, *e.g.* MCLA 418.357; MSA
17.237(357); MCLA 418.361; MSA 17.237(361).
Therefore, "parasitic damages", Prosser, Torts (4th
ed, 1971), pp 50, 327, such as pain and suffering
are not included in the compensation scheme.

"[A]n injury is not compensable under our statute
unless it impairs the employee's 'earning capacity in
the employment in which he was working at the time of
the injury.'" *Kaarto v Calumet & Hecla, Inc,* 367 Mich
128, 131; 116 NW2d 225 (1962).

As such, workmen's compensation is distin-
guished from tort law.[4]

"[T]he act is a departure from the common law, and
the rules and theories of the common law cannot be
made the test of measurement of damages under it.

"The act does not purport to be justly compensatory
under common-law rules. *No sum is allowed for pain
and suffering.* Generally compensation is based upon
wages and period of disability. But minimum and maxi-
mum awards are provided, regardless of wages, charac-
ter of injury, or length of disability. As to some specific

[3] The title of this state's first workmen's compensation act, 1912 (1st
Ex Sess) PA 10, stated that its purposes included "providing compen-
sation for the accidental injury".

[4] This is, of course, not exclusive of such factors as the abolition of
common-law defenses also accomplished by statute. MCLA 418.141;
MSA 17.237(141).

injuries, specific compensation is allowed, regardless of other factors. In case of death, the employer's liability varies with dependency. In fine, no rule of thumb governs the amount of compensation, but the method of measuring it, as well as the amount, varies with conditions." *Thomas v Morton Salt Co,* 258 Mich 231; 242 NW 235 (1932). (Emphasis added.)

Personal injury for the purpose of tort recovery includes parasitic damages. Personal injury for the purpose of workmen's compensation does not.

Viewed from this perspective, it is more logical to construe "personal injuries or death only" to relate to the type of personal injury recovery comprehended by the Workmen's Compensation Act and not the more generalized type of recovery in tort.

### 3 —Employers Should Not Be Reimbursed From Recovery For Which They Had No Liability

As a matter of policy, employers and carriers should not reap where they did not sow. Employers under the Workmen's Compensation Act are under no liability to pay compensation for "pain and suffering" (see analysis 2 above). It does not appear to us good policy therefore to permit the employer or his carrier to reimburse themselves from a tort recovery for "pain and suffering" secured by the employee or in his name. As said before, it is as unacceptable as letting the employer or his carrier gain reimbursement from a third-party recovery for property damages in connection with work-related personal injury.

It is essential in analyzing the second sentence in subsection 5 to recognize that while the verb says "shall * * * reimburse the employer or carrier for any amounts paid or payable under this

act", meaning all legitimate workmen's compensation disbursements, the verb, of course, is limited by the subject which is "[a]ny recovery * * * for damages resulting from personal injuries or death only". In other words the total tort recovery might be equal to or less than, these disbursements, but total tort recovery could not be used for reimbursement unless it was the equivalent of "damages resulting from personal injuries or death only".

The interpretation we adopt today will encourage third-party actions, which relegating the employee to the status of a mere collection agent for the employer will not do. This will have the result of ensuring that the burden falls upon the negligent party. The employee receives not a double recovery, but the tort damages suffered from the wrong-doing of this negligent party. Further, as a consequence of such third-party actions the employer or carrier will be reimbursed, thus helping to ensure the health of the compensation system. This construal therefore carries out the legislative intent of benefiting both employees and employers under the act.

### III —APPLICABLE CASE LAW IN MICHIGAN

We are today faced with a question of first impression in our state, whether an employer or carrier can reach funds earmarked for pain and suffering which an employee receives from a negligent third party as a result of an action under the workmen's compensation third-party statute.

The Workmen's Compensation Appeal Board early found that reimbursement to compensation carriers from awards received from third-party tortfeasors should be limited to only those damages collectible under the compensation statute. *Marshall v Detroit Die Casting Co,* 1966 WCABO

153; *Lokerse v Mount Vernon Metals, Inc,* 1966 WCABO 68. However, following this Court's decisions in *Gamble v American Asbestos Products Co,* 381 Mich 105; 159 NW2d 839 (1968), and *Transamerican Freight Lines, Inc v Quimby,* 381 Mich 149; 160 NW2d 865 (1968), the board changed its approach and held that the compensation carrier might be reimbursed out of any money received by plaintiff, including that, such as pain and suffering, which would not be compensable under the compensation statutes. *Ginther v Petrolane Gas Service, Inc,* 1972 WCABO 2527. See also, *Arnett v General Motors Corp,* 22 Mich App 658; 177 NW2d 704 (1970).

This was not a correct application of our case law. Neither *Gamble v American Asbestos* nor *Transamerican Freight Lines, Inc v Quimby* spoke to this precise question.

*Gamble* really involved the status of settlements in third-party actions. In *Gamble,* we first rejected plaintiff's claim that permitting the insurance carrier to claim credit would render meaningless that portion of the statute authorizing settlement. We also rejected the argument that the statutory obligation to reimburse did not apply to recoveries obtained through settlement, but only to where the third-party claim was reduced to judgment, finding nothing in the statute to distinguish between the carrier's right to reimbursement upon settlement or after judgment. 381 Mich 105, 112.

Speaking through Chief Justice DETHMERS, we reiterated that:

"The statute says the employee may sue, settle with, and release the third party before judgment. The statute also says that any moneys so recovered shall be applied *as therein provided,* and thereafter provides that any recovery against the third party shall first

reimburse the employer and its insurance carrier." 381 Mich 105, 112. (Emphasis added.)

Errors in interpreting this decision have come from taking this paragraph out of context. The issue was the effect of settlements on the employer's right to reimbursement. "Any moneys" and "any recovery" refer to proceeds received from settlement as well as to judgment. All this opinion really holds is that settlements are treated in the same way as judgments.

The case never dealt with the question of the nature of the tort recovery to be used for reimbursement. The WCAB should not have and we cannot use this opinion for enlightenment as to whether "pain and suffering" is included in "[a]ny recovery against the third party for damages resulting from personal injuries or death only". Our case is truly one of first impression.

Later, in 1968, we faced a question similar to that in *Gamble* in *Transamerican Freight Lines.* The issue was whether the employer could be reimbursed from a settlement between employee and third party, the terms of which specifically excluded the employer's claim. We held that such an agreement was not effective in barring the employer's right to reimbursement because (1) the right to reimbursement is a form of statutory subrogation, 381 Mich 149, 157, and (2) the statute "makes it plain that if the employee settles his claim 'for injury or death' then *'any moneys so recovered'* " must be first applied to reimbursement of the employer or carrier. 381 Mich 149, 160. Again, this language does not interpret what is included within "personal injury only".

*Transamerican,* then, like *Gamble,* did not in-

volve an interpretation of the third-party statute helpful to us in resolving the present dispute.

## IV —FEAR OF FRAUD

### A. How Other States Approach the Problem

What few decisions in other states which we have found on point have been so colored by those courts' fear of fraud, that Professor Larson has characterized "the prevailing rule in the United States" as refusing "to place an employee's third-party recovery outside the reach of the employer's lien on the ground that some or all of it was accounted for by damages for pain and suffering". 2 Larson's Workmen's Compensation Law, § 74.35, p 14-246.

However, on closer examination of those few state cases cited by Professor Larson we find that in all but one, the courts were addressing themselves to specific instances where it appeared that segregation of the employee's third-party claims was being used to defeat the employer's lien.

In *Southern Quarries & Contracting Co v Hensley,* 313 Ky 640; 232 SW2d 999 (1950), the Kentucky Court of Appeals rejected the employee's request to set aside a sum of $3,000 and place it outside the insurer's reach. Although the employee contended that at least that much of the judgment must have been for pain and suffering, since the jury had made no such allocation, the Court would not speculate on what proportion of the award, if any, had been intended for pain and suffering. Although the Court did not say what it would have done had the jury so divided the verdict, it limited the employer's recovery of medical expenses to the amount for which it was liable under the compensation statute, and did not permit it to

reach the excess of tort damages earmarked for that purpose.[5]

Twenty-seven years ago, the Arkansas Supreme Court was faced with a case involving an employee who first received workmen's compensation, then sued the third party for mental pain and suffering and disfigurement only, without seeking recovery for lost time, wages, hospitalization and medical bills. The employee then claimed that recovery was not subject to the employer's lien under the Arkansas compensation statute. *Barth v Liberty Mutual Insurance Co,* 212 Ark 942; 208 SW2d 455 (1948). The Court held that since plaintiff could have sued for all elements of damage in one tort action, including items compensable under the compensation statute, he could not split the cause of action and was limited to only one recovery. Therefore, said the Court, he could not use the action for non-compensable items to defeat the employer's lien. The decision was silent as to whether pain and suffering would have been severable if all elements had been sued upon.

A similar concern motivated the Pennsylvania court in *Bumbarger v Bumbarger,* 190 Pa Super 571; 155 A2d 216 (1959). The Court held the employer's recovery could not be defeated by the employee and the third party *"unilaterally* designating a portion of the recovery as damages for pain and suffering". 190 Pa Super 576; 155 A2d 219. (Emphasis supplied.) The implication is that it

---

[5] "Since this $1058 represents excess medical expenses recovered by appellee over and above the $400 for which appellants are liable under the statute then existing, KRS 342.020, 1946 Ed., it is reasonable that they would not be entitled to credit on the award for such excess which was recovered purely as medical and hospital expenses; in other words, that appellants would only be subrogated to appellee to the extent they were legally liable to him and, not being liable to him for the $1058, they have no subrogation rights in that part of the judgment." 313 Ky 646; 232 SW2d 1003.

would have been appropriate had the employer joined in.

Only the Surrogate's Court of Kings County in New York City has stated a definite rule in which the employer could reach the full amount of the tort recovery. In *Matter of Travaglione,* 36 Misc 2d 645; 232 NYS2d 961 (1962), it held the employer's lien was to take precedence over the widow's exemption, and that such lien might be satisfied from proceeds recovered and allocable to conscious pain and suffering of decedent.

On the other hand, prior to a change in its statute, the rule in California was that the employer's lien did not attach to an award for pain and suffering.[6] However, following decisions setting forth this rule, fn 6, the California third-party statute was modified to provide:

"The court shall first apply, out of the *entire amount* of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the *entire amount* of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation." Labor Code, § 3856, cited in *Heaton v Kerlan,* 27 Cal 2d 716, 718; 166 P2d 857, 858 (1946).[7] (Emphasis supplied.)

---

[6] At first, the California Supreme Court held that the lien of the employer did not attach to that part of a judgment representing damages for pain and suffering. *Jacobsen v Industrial Accident Commission,* 212 Cal 440; 299 P 66 (1931). It was also clear that the employee was required to "caus[e] a court or jury to segregate damages awarded, so that it will clearly appear what portion is allowed for pain and suffering". *Dighton v Martin,* 4 Cal App 2d 401; 41 P2d 197 (1935). The rule was changed, of course, when the statute was modified.

[7] This case held that a malpractice award resulting from treatment which aggravated the original work-related injury was reachable by

The language of the modified California statute illustrates the difference between the Michigan and California legislative approaches to third-party recoveries. Whereas the Michigan statute calls for reimbursement to the employer for damages from personal injuries or death only, while permitting recoveries from third parties amounting to the full extent of any damages recoverable in tort, the California statute does not distinguish between the amount recoverable by the employee and that reachable by the employer's lien. In California, the employer may reach the entire amount of the third-party judgment to recoup expenditures for compensation.

## B. Michigan Safeguards

This state has tried to balance the employee's and employer's statutory remedies so that both interests are safeguarded. As we read the statute, the employee has the right to an exclusive remedy as far as such items as pain and suffering are concerned, but the employer is able to reach those areas which reflect the nature of his liability under the statute. Moreover, the compensation statute does ensure adequate protection for the employer or insurer's lien in that section specifically reserving those rights:

"(3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed against the third party for any interest or claim it might have." MCLA 418.827.

Therefore, if the employer or insurer believes a settlement was made between the employee and a

---

the employer's lien, but only to "the amount that he is required to pay because of the malpractice". 27 Cal 2d 723; 166 P2d 861.

third party which would in effect defeat its lien, the employer or insurer can take action against the third party for its reimbursement. This right of action is well-protected by our case law, and our courts have been alert to securing this right against efforts designed to defeat it. For example, where the plaintiff carrier was prevented from intervening in the third-party action by failure of defendant tortfeasor to give notice, it was held that the carrier could not be barred from asserting its rights even though the statutory period was past. *Home Insurance Co v Schoenbach,* 51 Mich App 270; 214 NW2d 902 (1974). And, where the insurer had intervened in the third-party action but had never been given notice of settlement, that settlement did not bar its right to reimbursement. *Petrosian v Frizell,* 25 Mich App 141; 181 NW2d 10 (1970).

Our case law ensures as well, however, that once, as in the instant case, the employer or carrier participates in a settlement, the statutory lien in excess of the settlement amount to which it might otherwise be entitled has been waived.

Since there are obviously reasons why the employer or carrier may participate in a third-party settlement in order to avoid subsequent litigation, having so benefited, the carrier must stick to its bargain, without later raising its statutory lien. *Hix v Besser Co,* 386 Mich 499; 194 NW2d 333 (1972).[8]

---

[8] In this per curiam opinion, we discussed the circumstances of settlement.

"Liability of the third-party defendants was something more than doubtful. The limit they would pay to compromise their alleged liability was $11,500. There simply wasn't enough to satisfy the respective claims of the plaintiff-fiduciary and of the intervenor. Both had to give or stand trial. Both gave, voluntarily and with judicial approval. Aetna of course much more. By force of the second paragraph of section 413.15 [now 418.827] it is bound by such compromise, and has no valid claim upon or against the amount it agreed should

## V —CONCLUSION

We hold today that the circuit court approved a permissible settlement under the third-party provisions of the workmen's compensation statute. Henceforth, insofar as the carrier participates in the settlement, that portion of a third-party recovery attributable to non-compensable items[9] may not later be claimed as reachable by the employer. Where the employer does not participate in such settlement and it feels it is being defrauded by its terms, it may initiate an action of its own against the third party. Certainly, the possibility of continuing liability by the third party would preclude any questionable resolution.

The Workmen's Compensation Appeals Board is reversed as to that part of the decision awarding defendant carrier future credit from plaintiff's award for pain and suffering.

Costs to plaintiff.

SWAINSON and LINDEMER, JJ., took no part in the decision of this case.

---

be separately adjudged in favor of the plaintiff-fiduciary and the beneficiaries for whom she was trustee." 386 Mich 499, 502–503.

[9] This applies to such items as loss of consortium in the instant case, as well as to other tort damages not cognizable under the Workmen's Compensation Act.