LOGAN v EDWARD C LEVY COMPANY

Docket No. 45979. Submitted June 13, 1980, at Detroit.—Decided
August 12, 1980. Leave to appeal applied for.

Doshia Logan, guardian of the children of Sept B. Logan, de-
ceased, appeals the decision of the Worker's Compensation
Appeal Board which held that the Edward C. Levy Company
and Maryland Casualty Company, defendants, were entitled to
credit the entire amount of a third-party wrongful death recov-
ery. Plaintiff's husband was killed as a result of a tire explosion
at Edward C. Levy Company, his place of employment. The
Maryland Casualty Company, the Levy Company's insurer,
voluntarily commenced paying death benefits to plaintiff and
her nine children. Subsequently, plaintiff and her children
obtained a judgment against the tire vendor and manufacturer
in United States District Court for the Eastern District of
Michigan.

Thereafter, plaintiff sought further workers' compensation
benefits on behalf of the children, and acknowledged credit for
the amount voluntarily paid, calculating the date when pay-
ments should start for all children who had not attained the
age of majority. Defendants refused to make any payments,
arguing that they were entitled to credit the entire judgment
against past and future compensation regardless of the appor-
tionment of benefits between the wife and the children by the
Federal trial court. The administrative law judge decided that
the defendants' credit for benefits paid pursuant to the third-
party judgment was limited to the extent of the recovery by
each individual dependent. Defendants made payments and
appealed the decision. The Worker's Compensation Appeal
Board reversed the referee's decision and payments were dis-
continued. The board found that the defendants were entitled
to credit the entire recovery awarded in the wrongful death
action. Plaintiff appeals. *Held:*

1. The Workmen's Compensation Bureau is a quasi-judicial

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation §§ 77, 79 *et seq.*
[2, 3] 81 Am Jur 2d, Workmen's Compensation § 77.

agency vested with the authority to determine compensation issues; among its power is the authority to allocate credit from a third-party tortfeasor judgment to an insurer who has paid workers' compensation benefits.

2. An insurer who pays workers' compensation benefits to an injured party may recoup monies paid if the injured party successfully sues the third-party tortfeasor, but any amounts reimbursed must be those paid or payable under the worker's compensation act and must be for "damages resulting from personal injuries or death only", and must not be for noneconomic losses including loss of consortium.

3. The trial court as well as the Workmen's Compensation Bureau may determine the insurer's credit for reimbursement from the injured party where that injured party recovers money from a third-party tortfeasor.

4. Any reimbursement to the defendant insurer should be apportioned in order that the insurer will receive reimbursement solely from the economic compensation it actually paid the plaintiff.

Reversed and remanded with instructions.

1. WORKERS' COMPENSATION — BUREAU OF WORKMEN'S COMPENSATION — FUNCTIONS.

The Workmen's Compensation Bureau is a quasi-judicial agency vested with the authority to determine compensation issues; among its powers is the authority to allocate credit from a third-party tortfeasor judgment to an insurer who has paid workers' compensation benefits.

2. WORKERS' COMPENSATION — INSURERS — REIMBURSEMENT — THIRD-PARTY JUDGMENTS.

An insurer who pays workers' compensation benefits to an injured party may recoup monies paid if the injured party successfully sues the third-party tortfeasor, but any amounts reimbursed must be those "paid or payable" under the worker's compensation act and must be for "damages resulting from personal injuries or death only", and must not be for noneconomic losses including loss of consortium (MCL 418.827[5]; MSA 17.237[827][5]).

3. WORKERS' COMPENSATION — COURTS — INSURERS — CREDIT.

The trial court as well as the Workmen's Compensation Bureau may determine the insurer's credit for reimbursement from the injured party where that injured party recovers money from a third-party tortfeasor.

*Blum, Brady, Fischel & Rosenberg* (by *Mark J. Spielman),* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

D. C. RILEY, J. Plaintiff appeals the decision of the Worker's Compensation Appeal Board, which reversed the administrative law judge's determination and held that defendants were entitled to credit the entire amount of a third-party wrongful death recovery. The effect of this decision is to effectively extinguish any future worker's compensation liability. Plaintiff appeals by leave granted.

Plaintiff's husband was killed in 1971, as a result of a tire explosion at the Edward C. Levy Company, his place of employment. Defendant Maryland Casualty Company, the Levy Company's insurer, voluntarily commenced paying death benefits to plaintiff, Mr. Logan's widow, and their nine children. In 1971, plaintiff and her children obtained a $142,500 judgment in the United States District Court for the Eastern District of Michigan against the tire vendor, Sears Roebuck and Company, and the tire manufacturer, the Wertenberger Tire Company. Pursuant to the wrongful death act, MCL 600.2922(2); MSA 27A.2922(2), certification was made to the probate court by the Federal District Court. Under this certification, the Federal District judge determined that each of the nine children suffered a $2,000 loss while Mrs. Logan suffered a $124,500 loss. Maryland Casualty Company, joined as a party-plaintiff in the Federal suit, waived recovery of any worker's compensa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion payments already made by them in exchange for payment of $2,500 in attorney fees.

Subsequently, plaintiff sought further worker's compensation benefits on behalf of the children. Plaintiff acknowledged that of the $2,000 paid each child pursuant to the wrongful death judgment, Maryland Casualty should be credited with $1,333 for worker's compensation benefits voluntarily paid. Plaintiff calculated that each child's pro rata share of the decedent's worker's compensation benefits would reach $1,333 on December 20, 1974. Plaintiff sought a resumption of the payment of benefits from that date onward for all children who had not attained the age of majority. Defendants refused to make any payments, arguing that they were entitled to credit the entire $142,500 judgment against past and future compensation regardless of the apportionment of benefits between the wife and the children by the Federal trial court.

On December 17, 1976, the administrative law judge decided that the defendants' credit for benefits paid pursuant to the third-party judgment was limited to the extent of the recovery by each individual dependent. Defendants were accorded credit for the amount of the recovery, decreased by prorated attorney fees and expenses. The administrative law judge ordered payment retroactive from March 1, 1973. Pursuant to MCL 418.862; MSA 17.237(862), payments of seventy percent of the compensation benefits were paid by the defendants, who appealed the decision.

On June 19, 1979, the Worker's Compensation Appeal Board reversed the referee's decision and payments of the defendants were discontinued. The board found that the defendants were entitled to credit the entire recovery awarded in the

wrongful death action. After reviewing the applicable statutory provisions, the board decided that the amount recovered in the wrongful death action was to be applied to compensation paid or payable by the insurer. The board noted that the large size of the widow's share, $124,500, out of a total award of $142,500, was clearly disproportionate and should be credited toward any future liability by the defendants.

The Workmen's Compensation Bureau is a quasi-judicial agency vested with the authority to determine compensation issues. *Jesionowski v Allied Products Corp,* 329 Mich 209; 45 NW2d 39 (1950). Among its power is the authority to allocate credit from a third-party tortfeasor judgment to an insurer who has paid worker's compensation benefits. See *Hakkinen v Lake Superior District Power Co,* 54 Mich App 451; 221 NW2d 202 (1974).

The pertinent statute provides:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for *any amounts paid or payable under this act* to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." (Emphasis added.) MCL 418.827(5); MSA 17.237(827)(5).

Thus, where an insurer pays worker's compensation benefits to an injured party, he may recoup monies paid if the injured party successfully sues the third-party tortfeasor. The appeal board fo-

cused on the language "any amounts" and held that the entire $142,500 judgment should be credited to the insurer. It assumed that the settlement only included payments for injuries compensable under the Worker's Disability Compensation Act. This is not necessarily true. "Any amounts" reimbursed must be those "paid or payable" under the act and must be for "damages resulting from personal injuries or death only". MCL 418.827(5); MSA 17.237(827)(5).

In *Lone v Esco Elevators, Inc,*78 Mich App 97; 259 NW2d 869 (1977), this Court interpreted that latter phrase to exclude any award for loss of consortium. In *Great American Ins Co v Queen,* 86 Mich App 362; 272 NW2d 659 (1978), this Court held that a worker's compensation carrier is not entitled to reimbursement from third-party tortfeasors for noneconomic losses under the no-fault automobile insurance statute.

We believe that a similar bar should apply here. It is clear that of the amounts awarded both the wife and children, a portion of the judgment was for noneconomic damages such as loss of love, companionship and affection. These injuries were never compensated by the worker's compensation insurer, so they cannot be recovered now. See *Griggs v The Budd Co,* 90 Mich App 649; 282 NW2d 431 (1979). The insurer can obtain reimbursement for economic loss only.

It is impossible to determine how much of the judgment award was for noneconomic and how much was for economic loss. The Federal court did not apportion the $142,500 nor did the appeal board which adopted the judgment sum as the proper amount for reimbursement.

In *Hakkinen, supra,* this Court stated that it is the sole province of the Workmen's Compensation

Bureau to determine the insurer's credit for reimbursement. This position was implicitly repudiated by *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979), and *Manninen v Warner & Swasey Co,* 80 Mich App 253; 263 NW2d 341 (1977), as both cases recognize that the trial court can perform this function.

In the instant case, neither the Federal District Court nor the Worker's Compensation Appeal Board made an adequate allocation. This apportionment is necessary so that the insurer will simply receive reimbursement for the economic compensation which it actually paid the plaintiff. Since our jurisdiction only extends to the appeal board, we will reverse and remand to allow that body to make the appropriate apportionment. Any adjustments made by the board on remand, with respect to sums awarded,[1] should reflect this apportionment and a modification of the credit that the insurer should receive.

Reversed and remanded for proceedings consistent with this opinion.

We retain no jurisdiction. Costs to await final outcome of proceedings.

---

[1] An adjustment might be advisable due to the lopsided amount allocated to the wife, $124,500 out of the total $142,500 awarded. The $142,500 figure may also require alteration if the board acted under the misapprehension that the children's benefits end at age 18. The statute in effect at the time of decedent's death, and as yet unamended, continues to specify 21 as the maximum age for nondisabled children to receive death benefits. See MCL 418.335; MSA 17.237(335).

We take this opportunity to refute defendant's position that the dependent children have no interest in the death benefits that is distinct from that of the spouse. The fact that benefits are paid through the mother rather than directly to the children does not undermine the severability of the award. See MCL 418.331; MSA 17.237(331), *Cichecki v City of Hamtramck,* 382 Mich 428, 433; 170 NW2d 58 (1969).