FRITSCH v MAGNAFLUX CORPORATION

Docket No. 84637. Submitted December 17, 1985, at Detroit.—Decided
April 8, 1986.

Joseph Fritsch was employed from July, 1969, until May of 1983
with Massey-Ferguson, Inc. In July of 1982, plaintiff filed a
petition for workers' compensation benefits alleging lung pa-
thology caused by his exposure to atmospheric pollutants man-
ufactured by defendant, Magnaflux Corporation. Such exposure
was alleged to have occurred in the course of plaintiff's employ-
ment with Massey-Ferguson. On September 15, 1982, plaintiff
filed the instant products liability action in the Wayne Circuit
Court against Magnaflux Corporation only, seeking damages for
the injuries allegedly suffered. All parties and the trial court,
Richard D. Dunn, J., properly treated this case as a third-party
tort action. The case proceeded through the discovery stages
and, on December 18, 1984, a mediation evaluation was re-
turned in favor of plaintiff in the amount of $40,000. Both
parties accepted the mediation award and the case was noticed
for dismissal on March 1, 1985. On February 28, 1985, plaintiff
and defendant stipulated to the addition of plaintiff's wife,
Eileen Fritsch, as a party plaintiff and an order to this effect
was entered. Plaintiffs then presented an ex parte order allocat-
ing the $40,000 judgment as follows: $26,000 to Joseph Fritsch
for noneconomic losses, $12,500 to Eileen Fritsch for loss of
consortium and $1,500 to Massey-Ferguson and its workers'
compensation carrier to be held in an interest-bearing account
until a determination has been made by the Bureau of Work-
ers' Compensation as to whether Massey-Ferguson is in fact
liable to the plaintiffs pursuant to the Worker's Disability
Compensation Act, less a one-third attorney fee. On March 21,
1985, Sentry Insurance Company, Massey-Ferguson's workers'
compensation insurance carrier, filed motions to intervene and
to set aside the February 28, 1985, order and judgment. Follow-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 71, 439, 605.
Third-party tortfeasor's right to have damages recovered by em-
ployee reduced by amount of employee's workers' compensation
benefits. 43 ALR4th 849.
Wife's right of action for loss of consortium. 36 ALR3d 900.

ing a hearing, the trial court granted Sentry's motion to intervene but denied its motion to set aside the judgment. Sentry appeals from that part of the opinion and order which denied its motion to set aside the February 28, 1985, order and judgment. *Held:*

1. The trial court correctly determined that Sentry cannot assert Magnaflux's rights as a basis for obtaining relief from the order and judgment. However, the trial court incorrectly determined that Sentry was guilty of laches or was negligent in failing to intervene in this action until after entry of judgment.

2. Technically, laches does not apply in the motion context, however, the Court of Appeals believes that it was appropriate for the trial court to consider the principles underlying that doctrine in determining whether Sentry's motion to set aside should be heard on the merits.

3. Sentry's delay in intervening in this case is justified and easily understood under the circumstances. There is no obligation for a workers' compensation insurance carrier to intervene in a third-party tort action in order to protect the statutory lien created and guaranteed under MCL 418.827(5).

4. The trial court's order denying Sentry's motion to set aside the order and judgment of February 28, 1985, is reversed and the case is remanded for consideration of Sentry's motion on the merits.

5. On remand, the trial court should consider, with regard to Sentry's challenge to the addition of Eileen Fritsch as a party plaintiff, the general principles governing the amendment of pleadings under MCR 2.118(A)(2) and (3) as well as the Court of Appeals opinion in *Treadeau v Wausau Area Contractors, Inc,* 112 Mich App 130 (1982). The trial court may see fit to conduct an evidentiary hearing on Eileen Fritsch's damages, if any.

6. It will be necessary on remand for the trial court to consider Sentry's claim that it is entitled to a lien upon the entire amount awarded to Joseph Fritsch after the deduction of expenses. Sentry's rights in this regard are governed by MCL 418.827(5), which protects Sentry's right to offset its workers' compensation liability by the amount recovered by Fritsch in one of two ways: reimbursement or credit.

7. The allocation of $1,500 in Sentry's favor was error, given the fact that Sentry has paid nothing in the way of workers' compensation benefits on behalf of Joseph Fritsch and was under no order to pay benefits up to the time of the tort recovery. On remand, the trial court shall determine the

amount, if any, for which Sentry is entitled to be reimbursed from Joseph Fritsch's award. Reimbursement and future credit should be calculated according to the formula set forth in *Franges v General Motors Corp*, 404 Mich 590 (1979).

Reversed and remanded.

1. WORKERS' COMPENSATION — THIRD-PARTY TORT ACTIONS.

An injured employee may bring a third-party tort action within the terms of § 827 of the Worker's Disability Compensation Act where an injury for which compensation is payable under the act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof (MCL 418.827; MSA 17.237[827]).

2. TRIAL — LACHES — AFFIRMATIVE DEFENSES.

Laches is an affirmative defense which bars a lawsuit under the proper circumstances; technically, laches does not apply in the motion context.

3. WORKERS' COMPENSATION — THIRD-PARTY TORT ACTIONS — INSURERS — LIENS — PARTIES — INTERVENTION.

There is no obligation for a workers' compensation insurance carrier to intervene in a third-party tort action in order to protect the statutory lien created and guaranteed under § 827(5) of the Worker's Disability Compensation Act; such lien protects the insurer's right to offset its workers' compensation liability by the amount recovered by the injured employee in one of two ways: reimbursement or credit (MCL 418.827[5]; MSA 17.237[827][5]).

*Grant & Busch* (by *David B. Grant*), for plaintiffs.

*MacArthur, Cheatham, Acker & Smith* (by *Richard L. MacArthur* and *Paula M. Murray*), and *Gromek, Bendure & Thomas* (by *John A. Lydick*), of counsel, for Sentry Insurance Company.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Sheila Walsh Mooney*), for Magnaflux Corporation.

Before: M. J. KELLY, P.J., and BRONSON and
C. W. SIMON,* JJ.

PER CURIAM. Plaintiff Joseph Fritsch filed this
products liability action against defendant, Mag-
naflux Corporation, for damages suffered as a re-
sult of his exposure to atmospheric pollutants
manufactured by defendant. Since plaintiff was
exposed to the pollutants in the course of his
employment with Massey-Ferguson, Inc., all par-
ties and the trial court properly treated this case
as a third-party tort action under § 827 of the
Worker's Disability Compensation Act, MCL
418.101 et seq.; MSA 17.237(101) et seq.

Plaintiff was employed from July, 1969, until
May of 1982 at Massey-Ferguson. In July of 1982,
plaintiff filed a petition for workers' compensation
benefits alleging lung pathology caused by his
exposure to the pollutants manufactured by defen-
dant. Intervening plaintiff, Sentry Insurance Com-
pany, is Massey-Ferguson's workers' compensation
insurance carrier. As of the date Sentry filed its
claim of appeal in this case, it had not yet paid
any benefits on behalf of plaintiff inasmuch as his
workers' compensation claim was still pending.

On September 15, 1982, plaintiff filed the instant
action in circuit court against Magnaflux only. The
case proceeded through the discovery stages and,
on December 18, 1984, a mediation evaluation was
returned in favor of plaintiff in the amount of
$40,000. Both parties accepted the mediation
award and the case was noticed for dismissal on
March 1, 1985.

On February 28, 1985, plaintiff and defendant
stipulated to the addition of Eileen Fritsch as a
party plaintiff and an order to this effect was
entered. Plaintiffs then presented an ex parte

* Circuit judge, sitting on the Court of Appeals by assignment.

order allocating the $40,000 judgment as follows: $26,000 to Joseph Fritsch for noneconomic losses, $12,500 to Eileen Fritsch for loss of consortium and $1,500 to Massey-Ferguson and its workers' compensation carrier "to be held in an interest bearing account until a determination has been made by the Bureau of Workers' Compensation as to whether Massey-Ferguson is in fact liable to the plaintiffs herein pursuant to the workers' compensation act, less a one-third attorney fee". Sentry had not yet intervened at the time this order was entered but has consistently asserted that the case was at all times "closely monitored" by its legal representatives.

Sentry alleges that it learned of the orders adding plaintiff Eileen Fritsch and allocating the judgment award in mid-March through communications with counsel for defendant. On March 21, 1985, Sentry filed motions to intervene and to set aside the order and judgment. Following a hearing, the trial court granted Sentry's motion to intervene but denied its motion to set aside the judgment, which is now the subject of Sentry's appeal as of right.

In its motion to set aside the February 28, 1985, order and judgment, Sentry relied on MCR 2.612(C) and alleged that the addition of Eileen Fritsch as a party plaintiff was an act of bad faith on the part of Joseph Fritsch who was attempting to deprive Sentry of its statutory right to offset third-party tort damages. Sentry further alleged that the award of $12,500 in favor of plaintiff Eileen Fritsch is excessive and unsupported by any evidence and that her damages were never considered by the mediation panel in evaluating this case. Sentry finally alleged that its statutory lien was against the entire judgment of $40,000, minus the costs of recovery.

Following argument on Sentry's motions, the trial court ruled that it would not set aside its earlier order and judgment on grounds which could only properly be asserted by defendant Magnaflux. The court then considered Sentry's independent interests in the 1985 order, judgment and proceedings and concluded that although Sentry did have a legal interest in the allocation of a portion of the $40,000 judgment to plaintiff Eileen Fritsch, Sentry had lost its right to assert that interest in the circuit court proceeding by its failure to intervene until after entry of the judgment. The court expressly found Sentry guilty of laches and denied its motion to set aside on that basis.

We agree that Sentry cannot assert defendant's rights as a basis for obtaining relief from the order and judgment. However, we do not agree that Sentry was guilty of laches or was negligent in failing to intervene in this action until after entry of the judgment. Laches is an affirmative defense which bars a lawsuit under the proper circumstances. Technically, laches does not apply in the motion context, but we think that it was appropriate for the trial court to consider the principles underlying that doctrine in determining whether Sentry's motion to set aside should be heard on the merits.

Sentry's delay in intervening in this case is justified and easily understood under the circumstances. There is no obligation for a workers' compensation insurance carrier to intervene in a third-party tort action in order to protect the statutory lien created and guaranteed under MCL 418.827(5); MSA 17.237(827)(5). *Ohio Farmer's Ins Co v Neff*, 112 Mich App 53, 57; 315 NW2d 553 (1981). Although it may have been safer and wiser for Sentry to intervene at the onset of these pro-

ceedings in order to ensure adequate notice of all developments, there was no threat to its interests until the parties stipulated to the addition of Eileen Fritsch as a plaintiff and allocated a portion of the judgment to her for her loss of consortium claim. This development occurred only one day prior to the date set for entry of the judgment and dismissal of the case. When Sentry learned of this development only 2½ weeks later, motions to intervene and to set aside the judgment were promptly filed. Under these circumstances, we do not find it inequitable to allow Sentry an opportunity to be heard on its objections to the allocation of the third-party judgment. See *Lothian v Detroit,* 414 Mich 160, 168; 324 NW2d 9 (1982). We therefore reverse the trial court's order denying Sentry's motion to set aside the order and judgment of February 28, 1985, and remand for consideration of Sentry's motion on the merits.

On remand, the trial court will be presented with two distinct challenges to its February 28, 1985, order and judgment.[1] Sentry alleges that the addition of Eileen Fritsch as a plaintiff constitutes an attempt on the part of Joseph Fritsch to avoid the set-off provision of MCL 418.827(5); MSA 17.237(827)(5) and is thus contrary to law. Sentry secondly argues that the trial court's allocation of $1,500 to an interest-bearing account in favor of Massey-Ferguson and Sentry is inadequate since Sentry has a lien on the entire amount recovered by Joseph Fritsch after deducting the expenses of recovery.

With regard to Sentry's challenge to the addition of Eileen Fritsch as a party plaintiff, the trial court should on remand consider the general prin-

---

[1] This assumes that Joseph Fritsch's workers' compensation claim is either still pending or has been resolved against Sentry; otherwise, Sentry's interest in this case is moot.

ciples governing amendment of pleadings under
MCR 2.118(A)(2) and (3) as well as this Court's
opinion in *Treadeau v Wausau Area Contractors,
Inc,* 112 Mich App 130; 316 NW2d 231 (1982), *lv
den* 417 Mich 892 (1983). The court may see fit to
conduct an evidentiary hearing on plaintiff Eileen
Fritsch's damages, if any.

Regardless of how the trial court resolves the
allocation of damages to plaintiff Eileen Fritsch, it
will be necessary to additionally consider Sentry's
claim that it is entitled to a lien upon the entire
amount awarded to Joseph Fritsch after the deduc-
tion of expenses.[2] Sentry's rights in this regard are
squarely governed by MCL 418.827(5); MSA
17.237(827)(5), which provides:

"In an action to enforce the liability of a third party,
the plaintiff may recover any amount which the em-
ployee or his dependents or personal representative
would be entitled to recover in an action in tort. Any
recovery against the third party for damages resulting
from personal injuries or death only, after deducting
expenses of recovery, shall first reimburse the employer
or carrier for any amounts paid or payable under this
action to date of recovery and the balance shall forth-
with be paid to the employee or his dependents or
personal representative and shall be treated as an
advance payment by the employer on account of any
future payments of compensation benefits."

The plain and unambiguous language of § 827(5)
protects Sentry's right to offset its workers' com-
pensation liability by the amount recovered by
Joseph Fritsch in one of two ways: reimbursement
or credit. On the date that Joseph Fritsch recovers
his tort judgment, Sentry is entitled to have de-
ducted from the amount payable to Joseph Fritsch

---

[2] Implicit in Sentry's argument is that the trial court should have
allocated the entire amount recoverable by Joseph Fritsch to an
interest-bearing account in Sentry's favor.

an amount equal to "any amounts paid or payable" as workers' compensation benefits resulting from the same injury. Joseph Fritsch then receives the balance of the judgment, if any. In this way, Sentry is reimbursed for monies spent directly from the proceeds of Joseph Fritsch's third-party tort judgment.

The second method of protecting Sentry's right of setoff is the creation of an automatic credit in favor of Sentry for workers' compensation benefits that may become payable on behalf of Joseph Fritsch in the future. Thus, where Sentry has made no workers' compensation disbursements and where none are payable under an order at the time Joseph Fritsch recovers his judgment, Sentry has no right of reimbursement since there is nothing for which Sentry need be reimbursed. Instead, Sentry is entitled to a credit on any future obligation in the amount recovered by Joseph Fritsch after deduction for expenses. Thus, Sentry will be excused from having to disburse workers' compensation benefits to Joseph Fritsch in the future until its liability exceeds the amount recovered in this third-party tort action. See *Franges v General Motors Corp,* 404 Mich 590, 615; 274 NW2d 392 (1979); *Land v George Schmidt Co,* 122 Mich App 167, 169-170; 333 NW2d 30 (1982), *lv den* 417 Mich 1083 (1983), and *Powell v Keeler Brass Co,* 135 Mich App 67, 72; 351 NW2d 896 (1984), *lv den* 421 Mich 856 (1985).

The judgment entered in this case allocates $1,500 to an interest-bearing account in favor of Sentry and Massey-Ferguson. Given the fact that Sentry had paid nothing in the way of workers' compensation benefits on behalf of Joseph Fritsch and was under no order to pay benefits up to the time of the tort recovery, we conclude that the allocation of $1,500 in Sentry's favor was error. On

remand, the trial court shall determine the amount, if any, for which Sentry is entitled to be reimbursed from Joseph Fritsch's award. Reimbursement and future credit should be calculated according to the formula set forth in *Franges, supra.*

Reversed and remanded.