HEARNS v UJKAJ

Docket No. 97629. Submitted February 1, 1989, at Detroit. Decided October 2, 1989. Leave to appeal applied for.

Sidney Hearns died as a result of injuries sustained in a collision with a vehicle owned by Nikola Ujkaj and driven by Nua Ujkaj. The accident occurred during the course of Hearns' employment. Following the accident, Travelers Insurance Company, Hearns' employer's workers' compensation insurance carrier, began paying survivor's loss benefits to Annie Hearns, Sidney's widow. Annie Hearns, individually and as personal representative of the estate of Sidney Hearns, deceased, subsequently filed suit against Nikola Ujkaj in Wayne Circuit Court alleging wrongful death, negligent entrustment of an automobile, and loss of consortium. Travelers Insurance Company intervened in the action. Plaintiff and defendant, without the participation of Travelers, settled the suit for $45,000, the liability limit of defendant's automobile insurance. Plaintiff then moved for a determination of Travelers' right, under the workers' compensation act, to reimbursement from the settlement proceeds. The court, James A. Hathaway, J., denominated the settlement as compensation for plaintiff's individual loss of consortium claim and not as compensation for economic losses or an award of damages for the decedent's pain and suffering and ordered that Travelers had no right to the settlement proceeds. Travelers appealed by leave granted.

The Court of Appeals held:

Where an employee is injured in a motor vehicle accident in the course of his employment, workers' compensation benefits substitute for automobile no-fault benefits to the extent that the workers' compensation benefits duplicate no-fault benefits otherwise payable to the employee, and the compensation carrier is not entitled to reimbursement for payments which substitute for no-fault benefits. To the extent that payment of workers' compensation benefits exceeds the no-fault benefits

REFERENCES

Am Jur 2d, Workmens' Compensation §§ 382, 428, 437, 673 et seq.
See the Index to Annotations under Automobile Insurance; No-Fault Insurance; Workers' Compensation.

which are otherwise payable, the workers' compensation carrier is entitled to a lien against an injured employee's third-party recovery for reimbursement of the excess. Survivors' benefits under the no-fault act are limited to a three-year period following the death of the decedent. Death benefits under the workers' compensation act are payable for five hundred weeks, at a minimum. Therefore, the workers' compensation benefits received by plaintiff during the first three years following her husband's death would serve as a substitute for survivors' benefits payable under the no-fault act, to the extent that the weekly workers' compensation benefits do not exceed the weekly rate of survivors' benefits. Travelers Insurance made no claim for reimbursement for the benefits it paid plaintiff during that three-year period. Travelers is entitled to appropriate reimbursement or future credit as a result of the third-party recovery for benefits paid to plaintiff after that three-year period. Furthermore, because plaintiff is the direct recipient of the workers' compensation benefits, there is no basis for making a distinction between a loss of consortium recovery and any other recovery. Travelers is entitled to reimbursement or a future credit out of the entire amount of the settlement, including any portion which may have been allocated to plaintiff's claim for loss of consortium. The trial court clearly erred in extinguishing Travelers' right to reimbursement or future credit. The entire judgment is subject to Travelers' lien after deduction of expenses.

Reversed and remanded.

1. WORKERS' COMPENSATION — NO-FAULT — SUBSTITUTION OF BENEFITS.

Where an employee is injured in a motor vehicle accident in the course of his employment, workers' compensation benefits substitute for automobile no-fault benefits to the extent that the workers' compensation benefits duplicate no-fault benefits otherwise payable to the employee; the workers' compensation carrier is not entitled to reimbursement out of third-party recoveries for payments which substitute for no-fault benefits (MCL 418.827[5]; MSA 17.237[827][5]).

2. WORKERS' COMPENSATION — NO-FAULT — SUBSTITUTION OF BENEFITS — REIMBURSEMENT — THIRD-PARTY RECOVERIES.

A workers' compensation carrier is entitled to a lien against an injured employee's third-party recovery for reimbursement of workers' compensation benefits it paid which exceed the no-fault insurance benefits which would otherwise be payable, and reimbursement may be obtained without regard to whether the

third-party recovery is for the same elements of loss compensated by the workers' compensation benefits.

3. WORKERS' COMPENSATION — NO-FAULT — SURVIVORS' LOSS BENEFITS — SUBSTITUTION OF BENEFITS.

Survivors' benefits under the no-fault act are limited to a three-year period; thus, workers' compensation benefits paid to the survivor of an employee killed in an automobile accident during the course of employment can be considered a substitute for benefits paid under the no-fault act only for that three-year period; any weekly workers' compensation benefits paid beyond that three-year period cannot properly be regarded as a substitute for benefits under the no-fault act (MCL 500.3108[1]; MSA 24.13108[1]).

4. WORKERS' COMPENSATION — NO-FAULT — SUBSTITUTION OF BENEFITS — REIMBURSEMENT — THIRD-PARTY RECOVERIES.

The payment of workers' compensation benefits which do not substitute for no-fault benefits, because they exceed no-fault benefits in amount or duration, gives rise to a right to reimbursement from third-party tort recoveries in the same manner as the payment of workers' compensation benefits for non-motor vehicle related injuries.

5. WORKERS' COMPENSATION — SURVIVORS' LOSS BENEFITS — REIMBURSEMENT — THIRD-PARTY RECOVERIES — LOSS OF CONSORTIUM.

Where a deceased employee's survivors are direct recipients of workers' compensation benefits under §§ 321 or 331 of the workers' compensation act, the rationale for excluding a loss of consortium recovery from consideration in determining the workers' compensation carrier's reimbursement and future credit rights is totally inapplicable; since the injured employee's survivor is the direct recipient of the workers' compensation benefits and not a stranger to that claim, there is no basis for making a distinction between a loss of consortium recovery and any other recovery in the third-party action when determining the amount of reimbursement or future credit to which the workers' compensation carrier is entitled (MCL 418.321, 418.331; MSA 17.237[321], 17.237[331]).

*Powers, Chapman, DeAgostino, Meyers, McTigue & Milia, P.C.* (by *Robert P. Milia*), for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for Travelers Insurance Company.

Before: DANHOF, C.J., and BEASLEY and MAC-KENZIE, JJ.

MACKENZIE, J. Plaintiff's husband died as a result of injuries sustained in a collision with defendant Ujkaj's vehicle. The accident occurred during the course of the decedent's employment. Following the accident, his employer's workers' compensation carrier, Travelers Insurance Company, began paying survivor's loss benefits to plaintiff pursuant to § 321 of the Workers' Disability Compensation Act, MCL 418.321; MSA 17.237(321).

Plaintiff, individually and as personal representative of her husband's estate, subsequently brought suit against defendant for wrongful death, negligent entrustment, and loss of consortium. Travelers intervened in the action. Plaintiff and defendant, without the participation of Travelers, eventually agreed to settle the suit for $45,000. Upon reaching the agreement to settle, plaintiff moved for determination of Travelers' right, under the workers' compensation act, to reimbursement from the settlement proceeds. By way of two orders, the trial court essentially denominated the settlement as compensation for plaintiff's individual loss of consortium claim, and not as compensation for economic losses or an award of damages for the decedent's pain and suffering, and ordered that Travelers had no right to the settlement proceeds. Travelers appeals by delayed application for leave granted.

Travelers, which has paid substantial workers' compensation survivors' benefits to plaintiff, claims entitlement to reimbursement and a credit against future benefits payable to plaintiff to the extent that those benefits exceed the no-fault benefits to which plaintiff is entitled. Travelers' claim

for reimbursement is based on MCL 418.827(5); MSA 17.237(827)(5), which provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

The Legislature's primary purpose in permitting third-party actions was to provide a method whereby the employer could reimburse itself or its insurer for workers' compensation benefits paid to an injured or deceased employee where the injury or death resulted from the negligence of some other person. *Petrosian v Frizell,* 25 Mich App 141; 181 NW2d 10 (1970), and *Stafford v E W Bliss Co,* 86 Mich App 197, 199-200; 272 NW2d 237 (1978).

Where an employee is injured in a motor vehicle accident in the course of his employment, workers' compensation benefits substitute for automobile no-fault benefits to the extent that the workers' compensation benefits duplicate no-fault benefits otherwise payable to the employee. *Great American Ins Co v Queen,* 410 Mich 73, 96; 300 NW2d 895 (1980). A workers' compensation carrier is not entitled to reimbursement for payments which substitute for no-fault benefits. *Great American,* p 85. To the extent that payment of workers' compensation benefits exceeds the no-fault benefits which are otherwise payable, the workers' compen-

sation carrier is entitled to a lien against an injured employee's third-party recovery for reimbursement of the excess. *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219, 230-231; 407 NW2d 355 (1987). Reimbursement may be obtained without regard to whether the third-party recovery is for the same elements of loss compensated by the workers' compensation benefits. *Great American, supra,* pp 89, 97.

MCL 500.3108(1); MSA 24.13108(1) limits survivors' benefits to a three-year period under the no-fault act. Accordingly, workers' compensation benefits payable for the first three years following the decedent's death, to the extent that they do not exceed the weekly amount of survivors' benefits payable under the no-fault act, also serve as a substitute for benefits paid under the no-fault act. Any weekly workers' compensation benefits paid beyond that three-year period cannot properly be regarded as a substitute for benefits under the no-fault act. As stated in *Great American, supra,* p 97,

> the payment of workers' compensation benefits which do not substitute for no-fault benefits, because they exceed no-fault benefits in amount or duration, gives rise to a right to reimbursement from third-party tort recoveries in the same manner as the payment of workers' compensation benefits for non-motor vehicle related injuries.

In the present case, plaintiff's decedent died on May 1, 1984. Under the analysis employed in *Great American, supra,* workers' compensation benefits payable to the decedent's survivors through May 1, 1987, would thus serve as a substitute for survivors' benefits payable under the no-fault act, to the extent that the weekly workers' compensation benefits do not exceed the weekly

rate of survivors' benefits. No claim was made by Travelers for reimbursement of the first three years of such benefits. However, under MCL 418.321; MSA 17.237(321), death benefits under the workers' compensation act are payable for five hundred weeks, at a minimum, and Travelers is entitled to appropriate reimbursement or future credit as a result of the third-party recovery.

The trial court allocated the first $40,000 of any settlement or judgment to noneconomic losses. The complaint alleged alternate theories of recovery covering economic and noneconomic losses of pain and suffering for decedent and loss of consortium for plaintiff. If the allocation for noneconomic loss is regarded as recovery for pain and suffering sustained by the now-deceased employee, *Great American* clearly indicates that this in no way serves as a bar to the workers' compensation carrier's right to reimbursement and future credit. This was the precise holding of *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), which the Court in *Great American* summarized as follows:

> In *Pelkey* we thus concluded that the insurer was entitled to reimbursement even out of that portion of the tort recovery denominated for pain and suffering. [*Great American, supra,* p 92.]

The Court in *Great American, supra,* p 97, expressly confirmed the continued vitality of the result in *Pelkey, supra,* stating:

> The constitutionality of the legislative scheme which allows reimbursement of the workers' compensation carrier for economic benefits from tort recoveries for pain and suffering was upheld in *Pelkey* and I adhere to the view expressed in my opinion in *Workman* [*v DAIIE,* 404 Mich 477; 274

NW2d 373 (1979] that such reimbursement schemes are rational and constitutional.

To the extent that *Logan v Edward C Levy Co,* 99 Mich App 356; 297 NW2d 664 (1980), relied upon by the trial court herein, may hold differently, it should be emphasized that *Logan* was decided prior to *Great American* and has clearly been superseded by the Court's decision in *Great American.* See also *Treadeau v Wausau Area Contractors, Inc,* 112 Mich App 130; 316 NW2d 231 (1982), which follows and applies *Pelkey, supra.*

We conclude that the same result obtains if the trial court's allocation for noneconomic loss is regarded as recovery for plaintiff's loss of consortium.

Previous decisions of this Court which deal with an injured employee's third-party claim and spouse's related loss of consortium claim have held that the workers' compensation carrier's right to reimbursement and a future credit do not extend to any portion of a settlement which constitutes the spouse's recovery for loss of consortium. *Lone v Esco Elevators, Inc,* 78 Mich App 97, 107-108; 259 NW2d 869 (1977), and *Treadeau, supra,* pp 136-139. See also *Fritsch v Magnaflux Corp,* 150 Mich App 573; 389 NW2d 94 (1986). These cases have required that a proper allocation between the spouse's recovery for loss of consortium and the other bases for recovery must be made, with any reimbursement and future credit to the workers' compensation insurer limited to the injured worker's portion of the recovery. Significantly, however, *Lone, Treadeau,* and *Fritsch* all involved situations where an employee was not fatally injured and was the direct recipient of workers' compensation benefits, while the employee's spouse was a stranger to any workers' compensation claim and received no workers' compensation proceeds. Un-

der those circumstances, it is reasonable to exclude a spouse's recovery for loss of consortium from consideration when determining the amount applicable to the workers' compensation carrier's reimbursement and future credit right.

However, here, where the employee's survivors are direct recipients of workers' compensation benefits in the form of death benefits under MCL 418.321; MSA 17.237(321) and MCL 418.331; MSA 17.237(331), the rationale for excluding the loss of consortium recovery from consideration in determining the workers' compensation carrier's reimbursement and future credit rights is totally inapplicable. Since the injured employee's widow is the direct recipient of the workers' compensation benefits and not a stranger to that claim, there is no basis for making a distinction between a loss of consortium recovery and any other recovery in the third-party action when determining the amount of reimbursement or future credit to which the workers' compensation carrier is entitled. We therefore conclude that the workers' compensation carrier is entitled to reimbursement or a future credit out of the entire settlement, including any portion thereof which may have been allocated to the widow's claim for loss of consortium.

We find that the trial court clearly erred in extinguishing Travelers' right to reimbursement or future credit. We reverse and remand with instructions to the trial court that the entire judgment entered herein in favor of plaintiff is subject to Travelers' lien governed by MCL 418.827(5); MSA 17.237(827)(5) after deduction of expenses. Reimbursement and future credit should be calculated according to the formula set forth in *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

Reversed and remanded. We do not retain jurisdiction.