EDDINGTON v EPPERT OIL COMPANY

Docket Nos. 113283, 113323. Submitted March 16, 1990, at Detroit. Decided August 6, 1990.

Bobby G. Eddington, an employee of a subsidiary of The Budd Company, died from exposure at his workplace to toxic fumes released by chemicals manufactured by Eppert Oil Company, Ashland Chemical, Inc., and Ashland Oil, Inc. Budd paid Charlotte Eddington, the decedent's widow, workers' compensation survivor's benefits. Upon Mrs. Eddington's remarriage, Budd continued payment of workers' compensation benefits to decedent's minor children. Charlotte Eddington brought in Wayne Circuit Court a wrongful death action against the manufacturers of the chemicals implicated in Mr. Eddington's death. The action was settled in favor of plaintiff and consent judgments providing for a structured settlement were entered. Budd intervened as plaintiff to assert, pursuant to the Workers' Disability Compensation Act, a lien against the settlement proceeds. The trial court, Roland L. Olzark, J., ruled that Budd's lien did not attach to noneconomic damages awarded to plaintiff for loss of consortium, but did attach to the total structured settlement for the benefit of decedent's children, including payments to be made to each child beyond the child's eighteenth birthday. The trial court also determined that the present value of the structured settlement should be used in calculating the amount of Budd's lien. Both Budd and plaintiff appealed.

The Court of Appeals *held:*

1. Section 827(5) of the Workers' Disability Compensation Act, MCL 418.827(5); MSA 17.237(827)(5), provides an employer or its workers' compensation insurer a method of reimbursement for workers' compensation benefits paid or payable to an injured employee or the survivors of a deceased employee where the injury or death was caused by the negligence of a third party. Section 827(5) requires that any amount recovered in a tort action against the third party shall serve to reimburse

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 364, 423.
See the Index to Annotations under Counterclaim and Setoff; Workers' Compensation.

the employer or its insurer for workers' compensation benefits paid, or serve as an advance for workers' compensation benefits payable in the future. Section 827(5) applies to any recovery in tort arising from an employee's injury or death and it provides no exemption for a recovery by a deceased employee's spouse for loss of consortium or a recovery by a deceased employee's surviving minor children, even where part of the recovery would be realized by the children beyond their attainment of the age of majority.

2. Because the amount of recovery and the recovery expenses in a tort action against the party responsible for an employee's injury or death should be determined as they appear on the judgment date, in cases where recovery is in the form of a structured settlement, the present value of the structured settlement must be used in calculating the employer's workers' compensation lien.

Affirmed in part, reversed in part, and remanded.

1. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Rᴇᴄᴏᴠᴇʀʏ Aɢᴀɪɴsᴛ Tʜɪʀᴅ-Pᴀʀᴛʏ Tᴏʀᴛ-ꜰᴇᴀsᴏʀ — Aᴘᴘᴏʀᴛɪᴏɴᴍᴇɴᴛ ᴏꜰ Rᴇᴄᴏᴠᴇʀʏ.

Any recovery in a tort action against a third party who caused the injury or death of an employee to whom or to whose survivors workers' compensation benefits were paid or are payable shall, after a deduction for the expenses of recovery, serve to reimburse the employer or its insurer for workers' compensation benefits paid, or serve as an advance for workers' compensation benefits payable in the future; such reimbursement or credit applies to a recovery by a deceased employee's spouse for loss of consortium or a recovery by the deceased employee's surviving minor children, even where part of the recovery would be realized by the children beyond their attainment of the age of majority (MCL 418.827[5]; MSA 17.237[827] [5]).

2. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Rᴇᴄᴏᴠᴇʀʏ Aɢᴀɪɴsᴛ Tʜɪʀᴅ-Pᴀʀᴛʏ Tᴏʀᴛ-ꜰᴇᴀsᴏʀ — Aᴘᴘᴏʀᴛɪᴏɴᴍᴇɴᴛ ᴏꜰ Rᴇᴄᴏᴠᴇʀʏ.

The present value of a structured settlement, where such settlement is recovered in a tort action against a third party responsible for the injury or death of an employee to whom or to whose survivors workers' compensation benefits were paid or are payable, shall be used in calculating the employer's workers' compensation lien against such recovery (MCL 418.827[5]; MSA 17.237[827][5]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for Charlotte Eddington.

*Clark, Klein & Beaumont* (by *Michael V. Kell* and *Thomas S. Nowinski*), for The Budd Company.

Amicus Curiae:

*Clark, Klein & Beaumont* (by *Dwight H. Vincent* and *Rachelle G. Silberberg*), for Michigan Manufacturers Association.

Before: REILLY, P.J., and MICHAEL J. KELLY and H. E. DEMING,* JJ.

MICHAEL J. KELLY, J. Plaintiff, Charlotte Eddington, personal representative of the estate of Bobby Gene Eddington, and intervening plaintiff, The Budd Company, each appeal from a circuit court order granting Budd a workers' compensation lien against proceeds received by plaintiff in settlement of a third-party tort claim.

Plaintiff's decedent, Bobby Gene Eddington, was employed by a subsidiary of Budd. During his employment, Mr. Eddington used chemicals manufactured by the defendants. In February of 1982, Mr. Eddington died due to exposure to toxic fumes released by these chemicals. Following Mr. Eddington's death, Budd paid weekly workers' compensation survivor benefits to plaintiff as surviving spouse. Upon plaintiff's remarriage, Budd continued payment of workers' compensation benefits to decedent's minor children.

In April of 1983, plaintiff brought a wrongful death action against defendants. In October of 1986, plaintiff and the defendants settled the claim by entry of two consent judgments providing for structured settlements. In December of 1986, the circuit court permitted Budd to intervene as a

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

plaintiff to assert its lien against the settlement awards for reimbursement of workers' compensation benefits it paid to decedent's survivors.

In September of 1988, the circuit court issued an opinion and an order granting Budd a lien against part of the settlement award. The court held that Budd's workers' compensation lien did not attach to noneconomic damages awarded to plaintiff for loss of consortium, but did attach to the total structured settlement for the benefits of decedent's three children, including payments which would be made to the children after they reached the age of eighteen. The court also held that the present value of the structured settlement awards should be used for purposes of applying the *Franges*[1] formula to apportion the settlement award.

I

The first issue we address is whether the circuit court erred in finding that Budd's workers' compensation lien would apply to only part of plaintiff's total tort recovery against defendants. Budd argues that its lien should apply to any and all of the settlement award, including noneconomic damages for loss of consortium. Plaintiff argues that Budd's lien should not attach to payments to be made to decedent's children after they reach the age of eighteen. We find that Budd's lien should attach to all of the settlement damages and that the circuit court erred by exempting noneconomic damages for loss of consortium.

Budd's claim for reimbursement of workers' compensation payments is based upon MCL 418.827(5); MSA 17.237(827)(5), which provides:

[1] *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

In an action to enforce the liability of a third party, *the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort*. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, *shall first reimburse the employer or carrier for any amounts paid or payable* under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits. [Emphasis added.]

Where the language of the statute is clear and unambiguous, the ordinary meaning of the language should be applied without further judicial interpretation. *Lamotte v Millers Nat'l Ins Co,* 180 Mich App 271, 277; 446 NW2d 632 (1989). The legislative purpose behind permitting third-party actions under MCL 418.827; MSA 17.237(827) is to provide employers or workers' compensation insurers a method of reimbursement for workers' compensation benefits paid to an injured or deceased employee where the injury or death was caused by the negligence of a third person. *Hearns v Ujkaj,* 180 Mich App 363, 367; 446 NW2d 657 (1989).

In MCL 418.827(5); MSA 17.237(827)(5), the Legislature used the terms "any recovery" and "any amounts to which the employee or his dependents or personal representative would be entitled to recover in any action in tort." This language clearly indicates that no sort of damages would be exempt from attachment by the employer, so long as they arose from the death or injury of the employee.

Plaintiff argues that because the Workers' Disability Compensation Act does not provide for

payment to dependent children over the age of eighteen, such payments made by the defendants pursuant to a structured settlement are not recoverable by Budd. We disagree. Our Supreme Court rejected a similar argument in *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975), where the plaintiff argued that an employer should not receive credit against a recovery for pain and suffering when the Workers' Disability Compensation Act does not provide for payment for pain and suffering. The Court refused to bar an employer's lien against damages for pain and suffering on the grounds that those damages could not be recovered under the act. *Pelkey, supra,* p 492. See also *Great American Ins Co v Queen,* 410 Mich 73, 96; 300 NW2d 895 (1980). We find no language which would exempt certain types of damages from recovery. Reimbursement may be obtained under subsection 5 without regard to whether the third-party recovery is for the same element of loss compensated by the workers' compensation benefits. *Great American, supra,* pp 89, 97; *Hearns, supra,* p 368.

Nor does the statute contain language exempting noneconomic damages to spouses for loss of consortium. Despite the lack of statutory language, several prior opinions by this Court have held that an employer's or workers' compensation insurer's right to reimbursement does not extend to damages for an employee's spouse's loss of consortium. *Treadeau v Wausau Area Contractors Inc,* 112 Mich App 130; 316 NW2d 231 (1982); *Logan v Edward C Levy Co,* 99 Mich App 356, 360-362; 297 NW2d 664 (1980); *Lone v Esco Elevators Inc,* 78 Mich App 97, 106-108; 259 NW2d 869 (1977). However, those cases are distinguishable from the instant case in that the compensated employees in those cases were not fatally injured and so were

the direct recipients of workers' compensation benefits, while their respective spouses did not receive workers' compensation proceeds. Under those circumstances, the spouse's damages for loss of consortium are properly excluded.

However, where the worker is killed and the surviving spouse receives workers' compensation survivor benefits, the spouse's damages for loss of consortium in a third-party claim should not be exempted. As explained in *Hearns, supra,* p 371:

> [W]here the employee's survivors are direct recipients of workers' compensation benefits in the form of death benefits under MCL 418.321; MSA 17.237(321) and MCL 418.331; MSA 17.237(331), the rationale for excluding the loss of consortium recovery from consideration in determining the workers' compensation carrier's reimbursement and future credit rights is totally inapplicable. Since the injured employee's widow is the direct recipient of the workers' compensation benefits and not a stranger to that claim, there is no basis for making a distinction between a loss of consortium recovery and any other recovery in the third-party action when determining the amount of reimbursement or future credit to which the workers' compensation carrier is entitled. We therefore conclude that the workers' compensation carrier is entitled to reimbursement or a future credit out of the entire settlement, including any portion thereof which may have been allocated to the widow's claim for loss of consortium.

The circuit court erred in holding that Budd's lien for reimbursement would not apply to plaintiff's damages for loss of consortium. Budd is entitled to reimbursement against all damages contained within the settlement award.

Budd contends that this case should be remanded for a factual hearing regarding the alloca-

tion of damages. This is not necessary, as Budd's lien will attach to the entire settlement recovery without regard to the apportionment of damages.

II

Budd also argues that the circuit court erred by improperly using the present value of plaintiff's structured settlement to calculate the amount of Budd's lien. We disagree. For purposes of calculating the employer's lien under the *Franges* formula, the plaintiff's recovery and recovery expenses should be determined as they appear on the judgment date. *Bonarek v Wayne Co Bd of Institutions,* 165 Mich App 346, 353; 419 NW2d 21 (1987), lv gtd 430 Mich 891 (1988), app dis 433 Mich 880 (1989). Thus, in the case of a structured settlement award, the present value of the structured settlement must be used to calculate the employer's workers' compensation lien. *Id.* Under these circumstances, present value is determined by the cost of the structured settlement. *Id.,* p 354. The circuit court did not err in calculating the lien.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.