WOJCIECHOWSKI v CENTRAL TRANSPORT, INC

Docket No. 110283. Submitted October 3, 1990, at Detroit. Decided January 22, 1991, at 9:30 A.M.

Edward Wojciechowski, a Wayne County employee, was injured in the course of his employment when he was struck by a motor vehicle owned by Central Transport, Inc., and driven by Phillip Sage, and was paid workers' compensation benefits by Wayne County. Subsequently, he brought a third-party tort action in the Wayne Circuit Court against Central Transport and Sage. The court, Sharon Tevis Finch, J., entered a consent judgment for $90,000 in favor of the plaintiff pursuant to a settlement agreement, but refused to grant intervenor Wayne County a lien against the judgment. Wayne County appealed.

The Court of Appeals *held*:

The trial court erred in holding that Wayne County was not entitled to a lien against the proceeds of the judgment. The county is entitled to a lien against the judgment for reimbursement of workers' compensation benefits the plaintiff will receive which exceed the amount of work-loss benefits the plaintiff would have otherwise received under the no-fault act. Remand to the trial court is required for a determination of the amount of reimbursement and future credit to which Wayne County is entitled.

1. Workers' compensation benefits received by an employee injured in a motor vehicle accident in the course of employment substitute for no-fault benefits to the extent that the workers' compensation benefits duplicate no-fault benefits otherwise payable to the employee. Where an employer's payment of workers' compensation benefits substitutes for no-fault benefits, the employer is not entitled to reimbursement for that payment under the workers' compensation act, but is limited to the reimbursement permitted a no-fault insurer under the no-

REFERENCES

Am Jur 2d, Automobile Insurance § 34, 368; Workmen's Compensation § 437.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

fault act. To the extent an employer's payment of workers' compensation benefits exceeds the no-fault benefits otherwise payable, the employer is entitled to a lien against a third-party recovery by the injured employee for reimbursement of the excess regardless of whether the third-party recovery is for the same elements of loss resulting in workers' compensation.

2. In this case, during the first three years following the accident, Wayne County's payment of workers' compensation substituted for no-fault benefits, and the county was not entitled to reimbursement. However, the county is entitled to reimbursement or future credit for continuing payments under the workers' compensation act. Thus, the consent judgment was subject to the county's lien.

Reversed and remanded.

WORKERS' COMPENSATION — NO-FAULT INSURANCE — THIRD-PARTY TORTFEASORS — REIMBURSEMENT.

An employer whose payment of workers' compensation benefits substitutes for and exceeds in duration or amount no-fault benefits the employee otherwise would receive is entitled to a lien against a recovery by the employee from a third-party tortfeasor for reimbursement of the excess (MCL 418.827[5]; MSA 17.237[827][5]).

*Lesinski, Krall, Murphy & O'Neill* (by *Michael F. Murphy*), for Edward Wojciechowski.

*Samuel A. Turner,* Corporation Counsel, and *Mary A. Rowan,* Assistant Corporation Counsel, for Wayne County.

Before: DANHOF, C.J., and CAVANAGH and W. R. BEASLEY,* JJ.

W. R. BEASLEY, J. Intervenor Wayne County appeals as of right from the trial court's judgment and order allowing plaintiff to recover a settlement of $90,000 from defendants and ruling that Wayne County had no right to a lien against those monies. On appeal, Wayne County contends that it was entitled to a lien against the proceeds of the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

judgment as compensation for its anticipated, future payment of workers' compensation benefits to plaintiff. We reverse.

On July 9, 1985, plaintiff, a road maintenance supervisor employed by the Wayne County Road Commission, was working on a job site when he was struck and injured by a truck owned by defendant Central Transport, Inc., and driven by defendant Phillip Sage. Plaintiff received workers' compensation benefits from Wayne County and personal injury protection benefits, reduced by the amount of compensation he was receiving from Wayne County, under the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, from Aetna Insurance, the insurer of his personal vehicle. On July 8, 1986, plaintiff filed a third-party tort action against defendants pursuant to the no-fault act, MCL 500.3135(1), (2)(b); MSA 24.13135(1), (2)(b), seeking recovery for pain and suffering, hospitalization, medical treatment, and "wage loss in excess of the weekly, monthly and yearly limitations of the Michigan No-Fault Act as well as a loss of earning capacity." Wayne County notified plaintiff and defendant Central Transport of its intent to file a lien in the case on July 9, 1987, although it did not actually file a lien. Following mediation on January 7, 1988, the case was evaluated for settlement at $90,000. After both parties accepted the mediation evaluation, plaintiff moved for entry of a consent judgment and for determination of whether Wayne County was entitled to a lien against the settlement proceeds. The trial court ruled that Wayne County had no lien against the proceeds and subsequently denied Wayne County's motion for reconsideration.

Wayne County contends that it was entitled to a lien against the proceeds of plaintiff's settlement with defendant Central Transport because of

Wayne County's continuing payment of work-loss benefits to plaintiff beyond the three years plaintiff was entitled to such benefits under the no-fault act. We agree.

An employer may obtain reimbursement for payments made to an employee under the Workers' Disability Compensation Act pursuant to MCL 418.827(5); MSA 17.237(827)(5), which provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

However, workers' compensation benefits received by an employee injured in a motor vehicle accident in the course of his employment substitute for no-fault benefits to the extent that the workers' compensation benefits duplicate no-fault benefits otherwise payable to the employee. *Great American Ins Co v Queen,* 410 Mich 73, 96; 300 NW2d 895 (1980). Where an employer's payments of workers' compensation benefits substitute for no-fault benefits, the employer is not entitled to reimbursement for those payments under the workers' compensation act, but is limited to the reimbursement permitted a no-fault insurer under the no-fault act. *Id.* at 85, 95-96.

On the other hand, to the extent an employer's

payment of workers' compensation benefits exceeds the no-fault benefits otherwise payable, the employer is entitled to a lien against an injured employee's third-party recovery for reimbursement of the excess. *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219, 230-231; 407 NW2d 355 (1987). The employer may obtain reimbursement regardless of whether the employee's third-party recovery is for the same elements of loss compensated by the workers' compensation benefits. *Great American Ins Co, supra* at 89, 97.

In this case, Wayne County's payment of workers' compensation benefits to plaintiff substituted for no-fault benefits to the extent that its payment of workers' compensation benefits did not exceed the no-fault benefits otherwise payable. MCL 500.3107; MSA 24.13107 provided in relevant part:

> Personal protection insurance benefits are payable for the following:
>
> \*    \*    \*
>
> (b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent.

Thus, plaintiff was entitled to work-loss benefits under the no-fault act for a three-year period after the date of the accident.[1]

---

[1] Wayne County does not claim, and it does not appear from the record, that plaintiff received work-loss benefits in excess of the amount allowable under § 3107 during the three-year period.

During the first three years following the accident, Wayne County's payment of workers' compensation benefits substituted for no-fault benefits, and Wayne County was not entitled to reimbursement for those payments. However, in view of Wayne County's unrebutted allegation below that plaintiff would continue, and here that plaintiff has continued, to receive workers' compensation benefits beyond the three-year limitation of his entitlement to no-fault benefits, the trial court erred in denying Wayne County the right to reimbursement or future credit for those continuing payments under the workers' compensation act. The consent judgment granted to plaintiff was subject to Wayne County's lien as provided by MCL 418.827(5); MSA 17.237(827)(5). See *Hearns v Ujkaj,* 180 Mich App 363; 446 NW2d 657 (1989). We reverse and remand so that the trial court may determine the amount of reimbursement and future credit to which Wayne County is entitled according to the formula set out in *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.